Melinda MATHIAS, Connie Mathias, and Melvin Mathias, Appellees,

v.

William GLANDON and Jewel Glandon, Appellants.

No. 88–1699.

Supreme Court of Iowa.

Nov. 22, 1989.

Timothy J. McKay of McKay, Moreland & Webber, P.C., Ottumwa, for appellants.

Gregory W. Landry and Robert K. DuPuy of LaMarca & Landry, P.C., West Des Moines, for appellees.

ANDREASEN, Justice.

Defendants William and Jewel Glandon appeal from the district court's denial of their motion for sanctions against the plaintiffs Melinda Mathias, Connie Mathias, Melvin Mathias, and their attorney. On appeal, defendants urge the court was required to impose sanctions because plaintiffs' counsel failed to conduct a reasonable inquiry as to the law and facts prior to filing the petition and because the appellees and their counsel failed to dismiss or amend the petition after it was apparent the allegations of the petition were not well grounded in fact. Because we find no error, we affirm.

Jewel Glandon lost control of her car in an accident on September 20, 1985. Melinda Mathias, a passenger in the car, was injured. She and her parents, Connie and Melvin Mathias, filed an action for damages on Monday, March 14, 1988—well beyond the general two-year statute of limitations for personal injuries. See Iowa Code section 614.1(2)(1987). However, the petitioners alleged that the filing deadline was

tolled by Iowa Code section 614.8 for two reasons. They alleged that Melinda's minority tolled the statute, and they also alleged she suffered from brain damage and was therefore mentally ill. Melinda Mathias's nineteenth birthday was on Friday, March 11, 1988.

In April 1988, Connie and Melvin Mathias consented to dismissal of their claim for damages after the Glandons filed a motion requesting that the claim be dismissed. In July, the court sustained the motion of William Glandon for summary judgment and dismissed the claim against him, leaving only Melinda's claim against Jewel Glandon. At the same time, the court granted the defendant's motion to compel the plaintiff to responsively answer interrogatories relating to the mental illness issue.

On July 27, the court ruled on a pending motion to adjudicate law points, holding that Melinda's petition had not been filed within one year after her minority terminated. On August 3, Melinda filed a dismissal without prejudice as to all defendants.

The defendants then filed a motion for sanctions pursuant to Iowa Code section 619.19 and Iowa Rule of Civil Procedure 80(a). They claim the allegations in the petition that William Glandon owned the car and that Melinda suffered mental illness were not true, well grounded in fact, or based upon knowledge, information or belief formed after reasonable inquiry. They requested sanctions be imposed, including an order to pay reasonable expenses, including attorney fees incurred in defending the baseless action. The plaintiffs resisted the motion, and filed a cross-motion for sanctions against the defendants for filing a frivolous motion for sanctions.

After determining that it had jurisdiction to consider the motions, the court refused to impose any sanctions. The court reasoned that its inquiry should focus on the reasonableness and good faith of the litigant's beliefs at the time the petition was filed. Thus, sanctions would not be imposed for conduct subsequent to the submission of the petition. In light of the imminent expiration of the limitations period, the client's assertions, and the lack of Iowa case law defining mental illness for the purpose of tolling the statute of limitations, the court found the conduct of the plaintiffs' attorney was reasonable. Both parties appealed, but the Mathiases dismissed their appeal soon after it was filed.

## I. *Rule 80 and Iowa Code § 619.19.*

The district court refused to award sanctions under Iowa Rule of Civil Procedure 80(a) or under Iowa Code section 619.19. Rule 80(a), in its amended form, became effective on April 1, 1987. Its sanction language was borrowed from Federal Rule of Civil Procedure 11. *Franzen v. Deere & Co.*, 409 N.W.2d 672, 673–74 (Iowa 1987). Iowa Code section 619.19 was approved by the 71st General Assembly in May of 1986 and became effective upon publication on June 7, 1986. 1986 Iowa Acts ch. 1211, §§ 38 & 47. This statute also borrowed the language relative to sanctions from Federal Rule of Civil Procedure 11. Iowa Code section 619.19 provides, in part:

> The signature of a party, the party's legal counsel, or any other person representing the party, to a motion, pleading, or other paper is a certificate that:
>
> 1. The person has read the motion, pleading, or other paper.
>
> 2. To the best of the person's knowledge, information, and belief, formed after reasonable inquiry, it is grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.
>
> 3. It is not interposed for any improper purpose, such as to harass or to cause an unnecessary delay or needless increase in the cost of litigation.
>
> . . . .
>
> If a motion, pleading, or other paper is signed in violation of this section, the court, upon motion or upon its own initiative, shall impose upon the person signing, the represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses

incurred because of the filing of the motion, pleading, or other paper, including a reasonable attorney fee.

Under rule 80(a) and section 619.19, sanctions may be imposed if a reasonable inquiry discloses the pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or good faith argument for the extension, modification, or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay. Both the rule and statutory provision are intended to discourage parties and their counsel from filing frivolous law suits and to otherwise deter misuse of pleadings, motions, or other court papers. Both were adopted in response to a growing concern over misuse and abuse of the litigation process. As with federal rule 11, our amendment of the civil procedural rule and the adoption of the new statutory provision emphasize the responsibility of persons signing pleadings, motions, and papers filed in court and reinforce those obligations through the imposition of sanctions. The amended rule and statute expressly authorize an award of reasonable expenses, including attorney fees. The new language concerning sanctions was intended to reduce the reluctance of the courts to impose sanctions on parties and attorneys who violate their responsibility to the court and other parties. *Franzen v. Deere & Co.*, 409 N.W.2d at 674.

Because of the substantial similarity between the federal rule and the Iowa rule and statute, we look to the federal decisions applying federal rule 11 for guidance. *See, e.g., Darrah v. Des Moines General Hosp.*, 436 N.W.2d 53, 54–55 (Iowa 1989).

## II. Scope of Review.

In *Hearity v. Iowa District Court*, 440 N.W.2d 860, 864 (Iowa 1989), we discussed the standards for review of sanction orders under the federal rule. We recognized that certiorari was the proper means to review a trial court's order imposing sanctions against an attorney. *Id.* at 862. We held review of the district court's sanction order against an attorney is by an application for issuance of a writ of certiorari rather than by appeal. *Id.* Here, appeal is the appropriate procedure for challenging the denial of a motion for sanctions.

Although in *Hearity* we recognized federal appellate courts reviewing sanction orders have applied a three-tier standard, we now recognize that a strong majority of the federal circuit courts have adopted an abuse of discretion standard as to all issues. In *Mars Steel Corporation v. Continental Bank N.A.*, 880 F.2d 928, 933 (7th Cir.1989), the multi-tier approach to review of sanction orders was rejected. The Seventh Circuit decided to follow six other federal circuit courts that had employed deferential review across the board. *Id.* Under this standard the finding of fact may be disturbed on appeal only if "clearly erroneous," and the resolution requiring the application of judgment may be undone only if the district court has abused its discretion. *Id.*

The three-tiered standard used by the panel in *Thomas v. Capital Security Services, Inc.*, 812 F.2d 984 (5th Cir.1987) (cited in *Hearity*, 440 N.W.2d at 864), was reviewed en banc and vacated. 836 F.2d 866 (5th Cir.1988). The court determined the abuse of discretion standard as to all issues in rule 11 cases was the better approach.

■ We apply an abuse of discretion standard in our review of sanction orders under rule 80 or under section 619.19. We are mindful the rule and statute directs the court to impose a sanction when it finds a violation. The question presented to the district court under rule 80 and section 619.19 is not whether a court shall impose sanctions when it finds a violation—it must; instead, the question is how to determine whether there was a violation.

## III. Prefiling Investigation.

■ Using the deferential standard of review, we examine the record as to the prefiling inquiry of counsel. Under our statute and rule an attorney must conduct a reasonable inquiry as to the facts and the law before the petition is signed and filed. Compliance is measured by an objective, not subjective, standard of reasonableness

under the circumstances. Our rule and statute make sanctions mandatory when a violation occurs, but whether a violation has occurred is a matter for the court to determine, and this involves matters of judgment and degree. *See O'Connell v. Champion Int'l Corp.*, 812 F.2d 393, 395 (8th Cir.1987).

■ The district court found Mathias's counsel was contacted by the client "almost literally within hours" of the earliest time for the calculating of the running of the statute of limitations. Mathias indicated she had suffered from and had been treated for seizures following the accident. The court found it was reasonable for counsel to allege mental illness as a defense to the running of the statute of limitations. The court concluded:

> With the statute of limitations looming so close, and in light of the lack of Iowa case law defining what constitutes "mental illness" for the purposes of Section 614.8, it was reasonable to assert mental illness as a bar to the running of the statute of limitations when the attorney became aware that the client had suffered some seizures as a result of the auto accident.

In determining whether a reasonable inquiry into facts has been made the court considers all relevant circumstances including:

  a.  the amount of time that was available to the signer to investigate the facts;

  b.  the complexity of the factual and legal issues in question;

  c.  the extent to which pre-signing investigation was feasible;

  d.  the extent to which pertinent facts were in possession of opponent or third parties or otherwise not readily available to the signer;

  e.  the knowledge of the signer;

  f.  the extent to which counsel relied upon his or her client for the facts underlying the pleading, motion or other paper;

  g.  the extent to which counsel had to rely upon his or her client for facts underlying the pleading, motion or other paper;

  h.  whether the case was accepted from another attorney and, if so, at what stage of the proceedings;

  i.  the extent to which counsel relied upon other counsel for the facts underlying the pleading, motion or other paper;

  j.  the extent to which counsel had to rely upon other counsel for the facts underlying the pleading, motion or other paper;

  k.  the resources reasonably available to the signer to devote to the inquiry; and

  l.  the extent to which the signer was on notice that further inquiry might be appropriate.

*See* American Bar Association Section on Litigation, *Standard and Guidelines for Practice under Rule 11 of the Federal Rules of Civil Procedure* (1988) *reprinted* in 121 F.R.D. 101, 114 (1988).

In determining whether a reasonable inquiry into the law has been made, the court considers all relevant circumstances including:

  a.  the amount of time that was available to the signer to research and analyze the relevant legal issues;

  b.  the complexity of the factual and legal issue in question;

  c.  the clarity or ambiguity of existing law;

  d.  the plausibility of the legal positions asserted;

  e.  whether the signer is an attorney or *pro se* litigant;

  f.  the knowledge of the signer;

  g.  whether the case was accepted from another attorney, and, if so, at what stage in the proceedings;

  h.  the extent to which counsel relies upon other counsel to conduct the legal research and analysis underlying the position asserted;

  i.  the extent to which counsel had to rely upon other counsel to conduct the legal research and analysis underlying the position asserted;

  j.  the resources reasonably available to the signer to devote to the inquiry; and

k. the extent to which the signer was on notice that further inquiry might be appropriate.

American Bar Association Section on Litigation, *Standard and Guidelines for Practice under Rule 11 of the Federal Rules of Civil Procedure* (1988) *reprinted* in 121 F.R.D. at 116–17.

We find ample evidence in the record to support the trial court determination that counsel had exercised reasonable inquiry as to both the facts and the law.

### IV. *Postfiling Conduct.*

Glandon urges rule 80(a) and section 619.19 impose a continuing obligation upon counsel. Even if the court should determine reasonable inquiry of the law and facts had been made at the time of filing the petition, Glandon argues Mathias's counsel had a duty to dismiss the lawsuit when he learned his client had no case. To persist with the mental illness claim beyond a point where that allegation could no longer be considered well founded would be a violation of the Iowa rule and statute. He urges the imposition of a continuing duty is compatible with the intent of the rule and statute to address the evil they seek to eliminate.

▆ The trial court recognized plaintiffs' counsel became aware that there was no factual basis for the mental illness claim and that the subsequent conduct unduly prolonged the litigation period. However, the district court held there was no continuing duty under our sanction rule and statute. We agree.

We find the plain meaning of the language of the rule and statute clearly expresses an intent that the court evaluate the signer's conduct at the time of signing the pleading, motion, or other paper. The purpose of the rule and statute was to eliminate abuses in the signing of pleadings, motions, and other papers filed in court proceedings. The sanctions provided are imposed upon the person signing, the represented party, or both.

Although the rule and statute focus upon the event of signing, we recognize that in most cases there will be a series of filings. They may indicate a pattern of conduct. The provisions of our rule and statute would apply to each paper signed and would require that each filing reflect a reasonable inquiry. Other sanctions are available to address abusive tactics not related to the signing of pleadings, motions, and other papers. *Cf.* Iowa R.Civ. P. 122, 125, 134, 136, 140, 157.

This construction of our rule and statute is supported by federal circuit court decisions based upon federal rule 11. *Thomas v. Capital Sec. Serv., Inc.,* 836 F.2d 866, 874 (5th Cir.1988); *Pantry Queen Foods, Inc. v. Lifschultz Fast Freight, Inc.,* 809 F.2d 451, 454 (7th Cir.1987); *Oliveri v. Thompson,* 803 F.2d 1265, 1274 (2d Cir. 1986), *cert. denied,* 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987).

AFFIRMED.

All Justices concur except LAVORATO, who takes no part.