**J. Michael DULL, Brian L. Michaelson, and Dull, Murphy, Dull, and Michaelson, a partnership, Plaintiffs,**

**v.**

**IOWA DISTRICT COURT FOR WOODBURY COUNTY, Defendant.**

**No. 89–1517.**

Court of Appeals of Iowa.

Oct. 23, 1990.

Gregory M. Lederer of Simmons, Perrine, Albright & Ellwood, Cedar Rapids, and Martin N. Burke and Jack M. Fribley of Faegre & Benson, Minneapolis, Minn., for plaintiffs.

T. Todd Becker and Tom Riley of Tom Riley Law Firm, P.C., Cedar Rapids, for appellees.

Heard by SCHLEGEL, P.J., and SACKETT and HAYDEN, JJ.

SCHLEGEL, Presiding Judge.

Certiorari plaintiffs J. Michael Dull, Brian L. Michaelson, and the law firm of Dull, Murphy, Dull, and Michaelson, seek original certiorari review [1] of the district court's refusal to impose sanctions against real parties in interest, John and Shirley Van Iperen and their counsel, pursuant to Iowa Rule of Civil Procedure 80(a) after an eleventh-hour dismissal and refiling of a legal malpractice action. We dismiss the petition and annul the writ.

The underlying action was a legal malpractice claim by the Van Iperens against J. Michael Dull, Brian L. Michaelson, and the law firm of Dull, Murphy, Dull, and Michaelson, *Van Iperen v. Dull,* No. 96849–C, Woodbury County District Court, for their unsuccessful prosecution in a medical malpractice case. *See Van Iperen v. Van Bramer,* 392 N.W.2d 480 (Iowa 1986). Van Iperens filed their legal malpractice claim on August 3, 1987, and trial was set for July 25, 1989.

On July 5, twenty days before trial, the legal malpractice defendants ("the law firm") filed a motion for summary judgment. The motion was scheduled for hear-

---

**1.** The certiorari defendant correctly notes that the proper procedure for a denial of a motion for sanctions is by appeal, not certiorari. *See Mathias v. Glandon,* 448 N.W.2d 443, 445 (Iowa 1989). However, under Iowa Rule of Appellate Procedure 304, "[i]f any case is brought by appeal, certiorari, or discretionary review, and the appellate court is of the opinion that another of these remedies was the proper one, the case shall not be dismissed, but shall proceed as though the proper form of review had been sought." Rule 304 also states that we may treat any of the remedies as we deem appropriate.

ing on July 14. Judges had been assigned to hear both the motion and the case.

On July 10, 1989, Van Iperens' counsel, Mr. Becker, appears to have insisted upon taking the evidentiary deposition of their medical expert, Dr. Smits, in Des Moines on July 12 at 5:00 p.m. The law firm's attorney, Mr. Lederer insisted that he could not miss his own law firm's office conference scheduled for that date and objected to having less than forty-eight hours preparation time. Mr. Lederer suggests that Dr. Smits had been less than cooperative in both the medical and the legal malpractice actions. Mr. Becker submits that this was the only date available to Dr. Smits and that it is a common practice for attorneys to accommodate experts. In the ensuing discussion, counsel apparently discussed alternatives, including settlement, continuance, and simply sending notice of the deposition. Neither side, however, would compromise.

Van Iperens dismissed their action on July 13, 1989, one day before the hearing on the dispositive motion for summary judgment and twelve days before trial. They immediately refiled a virtually identical lawsuit. *Van Iperen v. Dull*, No. 99169, Woodbury County District Court.

The law firm filed a motion in the original legal malpractice action, number 96849–C, seeking sanctions under Iowa Rule of Civil Procedure 80. After a hearing, the district court filed an order finding Van Iperens had dismissed the action because counsel feared going to trial without having obtained evidence critical to their case (a predicament ironically similar to the claim they were prosecuting). The district court also found that the dismissal was not filed to cause delay and that Van Iperens' counsel reasonably believed the dismissal was necessary to their representation of Van Iperens. The law firm appeals, *see Mathias v. Glandon*, 448 N.W.2d 443, 445 (Iowa 1989); Iowa R.App.P. 304, the district court's order denying its motion.

In *Mathias v. Glandon*, the supreme court summarized our standard of review:

We apply an abuse of discretion standard in our review of sanction orders under rule 80 or under section 619.19. We are mindful the rule and statute directs [sic] the court to impose a sanction when it finds a violation. The question is not whether a court shall impose sanctions when it finds a violation—it must; instead, the question is how to determine whether there was a violation.

*Mathias*, 448 N.W.2d at 445. We will disturb the district court's findings of fact only if they are clearly erroneous. *Id.* (citing *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 933 (7th Cir.1989)). The supreme court thus abandoned a "three-tier" standard, noting a majority of federal circuit courts had also abandoned that standard in favor of the abuse of discretion standard with respect to decisions involving Federal Rule of Civil Procedure 11. We note that the United States Supreme Court, by a unanimous decision, recently adopted the majority view and held that the abuse of discretion standard is the correct standard to apply to federal rule 11 proceedings. *Cooter & Gell v. Hartmarx Corp.*, —— U.S. ——, —— ——, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359, 381–82 (1990). "Because of the substantial similarity between the federal rule and the Iowa rule and statute, we look to the federal decisions applying federal rule 11 for guidance." *Mathias*, 448 N.W.2d at 445 (citing *Darrah v. Des Moines General Hosp.*, 436 N.W.2d 53, 54–55 (Iowa 1989)).

The *Mathias* court also provides us with the following guidance:

Under our statute and rule an attorney must conduct a reasonable inquiry as to the facts and the law before the [instrument] is signed and filed. Compliance is measured by an objective, not subjective, standard of reasonableness under the circumstances. Our rule and statute make sanctions mandatory when a violation occurs, but whether a violation has occurred is a matter for the court to determine, and this involves matters of judgment and degree.

*Id.* at 445–46 (citing *O'Connell v. Champion Int'l Corp.*, 812 F.2d 393, 395 (8th Cir. 1987)). Along these same lines, the United States Supreme Court in *Cooter & Gell v.*

*Hartmarx Corp.* indicates that the policy goals of these rules support this standard of review:

> The district court is best acquainted with the local bar's litigation practices and thus best situated to determine when a sanction is warranted to serve [the] goal of specific and general deterrence. Deference to the determination of the courts on the front lines of litigation will enhance these courts' ability to control the litigants before them....

*Cooter & Gell,* ——— U.S. at ———, 110 S.Ct. at 2460, 110 L.Ed.2d at 381.

Turning, then, to the case before us, Iowa Rule of Civil Procedure 215 stated at the time of this dispute:[2]

> A party may, without order of court, dismiss that party's own petition, counterclaim, cross-petition or petition of intervention, at any time before the trial has begun, subject to the provisions of R.C.P. 181.4 [which assesses a $500 fee for settlement of a jury trial within two days of trial].

Certiorari plaintiffs are unable to provide authority to support their position that Van Iperens were not entitled to an eleventh-hour dismissal when their counsel had no "improper purpose, such as to harass or cause an unnecessary delay or needless increase in the cost of litigation." Iowa R.Civ.P. 80(a). We are given only broad language condemning "dilatory or abusive tactics," *see, e.g., Franzen v. Deere,* 409 N.W.2d 672, 674 (Iowa 1987), and numerous factual conclusions, obviously rejected by the district court, designed to cast doubt on opposing counsel's motives. Certiorari defendant, however, provides authority showing an "absolute right to dismiss" under rule 215. *See, e.g., Iowa Dep't of Environmental Quality v. Greenley,* 336 N.W.2d 414, 415 (Iowa 1983); *Witt Mechanical Contractors, Inc. v. United Brotherhood of Carpenters & Joiners of Am.,* 237 N.W.2d 450, 451 (Iowa 1976); *see also Sorensen v. Shaklee Corp.,* 461 N.W.2d 324, 325–26 (Iowa 1990) (permitting

dismissal after submission of motion for summary judgment).

Rule 80's proscription of filing documents "for any improper purpose" appears to impose the same duties on one who files a voluntary dismissal under rule 215. Where the "absolute right to dismiss" ends and "any improper purpose" begins, however, is unclear. Because we find no clear error in the trial court's objective determination that Van Iperens' counsel acted reasonably under the circumstances, *see Mathias,* 448 N.W.2d at 445–56, we need not explore that frontier.

We believe the district court properly concluded on the basis of clear evidence that Van Iperens' counsel believed their ability to obtain crucial evidence was in danger. We find no improper purpose in dismissing for this reason, especially in light of counsels' recalcitrance. Although the effect of the dismissal was to cause delay, we believe the district court was correct in finding that there was no clear evidence of an improper purpose. We note that certiorari plaintiffs make much out of the death of J. Michael Dull, a defendant in the legal malpractice action, shortly after the dismissal and refiling; they would have us infer from Van Iperens' counsel's knowledge of Mr. Dull's cancer that there was a devious purpose underlying their action. This fact problem was properly before the district court, but we note that the original action could have been filed for the first time within the statute of limitations after Mr. Dull's death, in which case the defendants in the legal malpractice action would have no reason to complain.

From certiorari plaintiffs' point of view, this may have been a dirty trick, but we think it falls within the rules of procedure. Counsel for Van Iperens cites several provisions of the Iowa Code of Professional Responsibility for Lawyers perhaps to bolster their argument that they were duty-bound to take the path they took and to suggest they had no duty to the opposing counsel. *See* Iowa Code Prof.Resp. EC

---

**2.** Rule 215 was amended December 28, 1989, effective July 2, 1990, and now states that a party may dismiss "at any time up until ten days before the trial is scheduled to begin." Thereafter, a party must obtain the court's consent, and the court may impose such conditions as it deems necessary.

5–21, EC 7–1, EC 7–3, EC 7–4. We believe both counsel would be well advised to read and take to heart the last three ethical considerations in canon 7:

EC 7–37 ... Haranguing and offensive tactics by lawyers interfere with the orderly administration of justice and have no proper place in our legal system.

EC 7–38 *A lawyer should be courteous to opposing counsel and should accede to reasonable requests* regarding court proceedings, settings, continuances, waiver of procedural formalities, and similar matters which do not prejudice the rights of his client....

EC 7–39 In the final analysis, proper functioning of the adversary system depends upon co-operation between lawyers and tribunals in utilizing procedures which will preserve the impartiality of tribunals and make their decisional processes prompt and just, without impinging upon the obligation of lawyers to represent their clients zealously within the framework of the law.

(Emphasis added.)

We find no clear error in the district court's determination that the dismissal was not made for improper purpose. We hold that the trial court did not abuse its discretion in refusing to impose rule 80 sanctions for the dismissal.

WRIT ANNULLED.