STATE of Iowa ex rel. IOWA DEPARTMENT OF HUMAN SERVICES and Katrina Carrigan, a Minor, by and through her Mother and Next Friend, Julie Carrigan, Appellant,

v.

Ronald DUCKERT, Appellee.

No. 90–12.

Supreme Court of Iowa.

Feb. 20, 1991.

Thomas J. Miller, Atty. Gen., Gordon Allen, Deputy Atty. Gen., and Robert R. Huibregtse, Asst. Atty. Gen., for appellant.

Michael L. Brown, Emmetsburg, for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, CARTER and LAVORATO, JJ.

SCHULTZ, Justice.

In February 1989 the petitioner, the State of Iowa, acting on behalf of a minor child, commenced this paternity action against respondent Ronald Duckert. In this appeal, the State challenges the district court's imposition of sanctions against the State under Iowa Rule of Civil Procedure 80(a).[1] We hold that the district court

---

1. Rule 80(a) provides as follows:

(a) Pleadings need not be verified unless special statutes so require and, where a pleading is verified, it is not necessary that subsequent pleadings be verified unless special statutes so require. Counsel's signature to every motion, pleading, or other paper shall be deemed a certificate that: Counsel has read the motion, pleading, or other paper; that to the best of Counsel's knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or cause an unnecessary delay or needless increase in the cost of litigation. If a motion, pleading, or other paper is

abused its discretion in imposing rule 80(a) sanctions against the State and reverse the ruling.

The child was born on August 18, 1979. The mother commenced a paternity action in 1980 against respondent; however, in 1984 the action was dismissed under Iowa Rule of Civil Procedure 215.1 for lack of prosecution. Prior to the dismissal, the mother and child had moved to the State of Minnesota and applied for Aid to Dependent Children (ADC) benefits there. Minnesota initiated a second action against respondent which was eventually abandoned. Following their return to Iowa and and the mother's application for ADC benefits, the present action was commenced but never went to trial.

Pursuant to Iowa Code section 675.41, the petitioner filed a motion to compel paternity blood testing. The respondent resisted taking these tests by filing various motions of resistance. However, he finally complied with a court order requiring the tests. The results showed a zero possibility that respondent was the father. Petitioner then moved for dismissal which was granted.

Respondent then moved for sanctions pursuant to rule 80(a) claiming that commencement of this litigation constituted harassment and that the State violated its duty to conduct a proper investigation. The district court imposed a sanction against the State of Iowa for its failure to investigate the possible paternity of another man and thus comply with its obligation to conduct a reasonable inquiry as required by rule 80(a). The form of the sanction was an award of $232.21, an amount representing only twenty-five percent of respondent's attorney fees. The court determined that most of respondent's legal expenses could have been avoided if he had undergone paternity testing when the initial motion to compel blood tests was filed. The court imposed no sanctions against the assistant county attorney representing the State on the basis that she acted in good faith and had no personal knowledge of the prior proceedings until after this action was commenced.

On appeal, petitioner first contends that the assistant county attorney and the State are entitled to absolute immunity from rule 80(a) sanctions when performing duties in the course of prosecuting a paternity action. This absolute immunity defense was neither presented to the district court in petitioner's resistance to the respondent's request for sanctions, nor was it addressed by the court. On appeal, we cannot review an issue which was not presented to the district court. *Cox v. Waudby*, 433 N.W.2d 716, 718 (Iowa 1988). Thus, we reject petitioner's first contention because error was not preserved.

The State's second contention is that its action in filing a petition did not violate rule 80(a). It claims that the rule's objective standard of "reasonable inquiry" into the facts and law in commencing this action was satisfied. We adopted rule 80(a) with the intent to discourage frivolous lawsuits and to deter the misuse of pleadings and motions. *Mathias v. Glandon*, 448 N.W.2d 443, 445 (Iowa 1989). Because of the substantial similarity of our rule and the Federal Rule of Civil Procedure 11, we look to the federal decisions for guidance. *Id.* In situations involving the claim of a frivolous lawsuit, an attorney must conduct a reasonable inquiry into the facts before the petition is signed and filed. *Id.* Compliance is judged by an objective standard of reasonableness under the circumstances. *Id.* at 445–46.

A represented party also bears responsibility for sanctions under the rule. The federal courts are divided on the issue

not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a motion, pleading, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the motion, pleading, or other paper, including a reasonable attorney fee. The signature of a party who is not represented by Counsel shall impose a similar obligation on such party.

of whether represented parties should be held to the same objective standard of reasonableness under rule 11 as their lawyers, or whether parties should enjoy a more lenient subjective standard under which sanctions may be imposed only if they acted in bad faith. *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 892 F.2d 802, 811 (9th Cir.1989) (represented party held to objective standard of reasonable inquiry into facts), *cert. granted*, — U.S. —, 110 S.Ct. 3235, 111 L.Ed.2d 746 (1990); *Calloway v. Marvel Entertainment Group*, 854 F.2d 1452, 1474 (2d Cir.1988) (represented party held to standard of "actual knowledge that filing the paper constituted wrongful conduct"), *rev'd on other grounds*, — U.S. —, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989). In *Business Guides*, the issue of which standard applies to represented parties was argued before the Supreme Court on November 26, 1990, and a ruling is pending. However, this issue need not be decided in this case because we conclude that the State should not have been sanctioned under the objective standard of reasonableness under the circumstances.

■ We apply an abuse of discretion standard in our review of the trial court's sanction order under rule 80. "Under this standard the finding of fact may be disturbed on appeal only if 'clearly erroneous....'" *Mathias*, 448 N.W.2d at 445. In this case, we must determine whether the court exercised its discretion "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Morrison*, 323 N.W.2d 254, 256 (Iowa 1982) (quoting *State v. Buck*, 275 N.W.2d 194, 195 (Iowa 1979)).

The facts before the district court were not complicated. Each time the mother applied for welfare benefits, she named respondent as the father of her child after revealing that she had frequent sexual relations with him during the period from July to November 1978. She also indicated having intercourse with another man on one occasion in October 1978. In answering interrogatories in the first action, respondent admitted having relations with the mother once every two weeks in April and May of 1977.

In view of the test results obtained, hindsight clearly reveals that the mother named the wrong person as the father of her child. This has no relevancy to the reasonableness of the State's role in commencing this action, however. The relevant inquiry on appeal is whether the trial court's determination that the State did not conduct a reasonable inquiry before filing the action was clearly erroneous. We believe that the court abused its discretion.

The mother contrasted a pattern of having frequent intercourse with respondent with one incident of intercourse with another man. This one deviation, when reviewed in the context of the whole record before the State, did not present substantial evidence that the mother's designation of respondent as father might be flawed and that further investigation was required. Even though respondent denied sexual intercourse in October and November of 1978, the record is void of additional proof substantiating his denial.

■ The district court believed that some type of investigation regarding the possibility of the paternity of the other man should have been conducted prior to filing a petition in this case. However, neither the court nor respondent specifies the type of prefiling inquiry that the State should have conducted in its investigation of events that occurred in 1978. The pertinent facts regarding the fatherhood of the child were solely in the mother's control. Most important, the law does not require corroboration of the mother's testimony in a paternity action. *Foreman v. Wilcox*, 305 N.W.2d 703, 704 (Iowa 1981). Therefore, we believe that the State could reasonably rely on the information supplied by the mother in conducting its prefiling inquiry.

We hold that the district court's imposition of rule 80(a) sanctions against the State is clearly untenable and an abuse of discretion.

REVERSED.