**Kim Ahern FIELDS, Plaintiff,**

v.

**IOWA DISTRICT COURT FOR POLK COUNTY, Defendant.**

No. 89–1607.

Supreme Court of Iowa.

April 17, 1991.

As Amended May 2, 1991.

Kasey W. Kincaid of Faegre & Benson, Des Moines, for plaintiff.

David S. Wiggins of Marcucci, Wiggins & Anderson, P.C., West Des Moines, for defendant.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, SNELL, and ANDREASEN, JJ.

HARRIS, Justice.

Sanctions were imposed after a medical malpractice suit was dismissed. The trial court determined that the plaintiff's attorney did not file the suit in good faith after reasonable inquiry and thus ran afoul the burdens of Iowa Rule of Civil Procedure 80(a).[1]

In May 1986 Margaret J. Darrah, the original tort plaintiff, first consulted Kim Fields, a Des Moines attorney, about her deformed hand. Darrah ascribed responsibility for her hand to Martin S. Rosenfeld, a medical doctor and orthopedic surgeon. Approximately two months later Fields, on behalf of Darrah, filed a medical malpractice case against Rosenfeld, alleging the deformity of her hand resulted from his malpractice. Fields represented Darrah throughout the litigation and appeared pro se in this certiorari proceeding until oral arguments before us.

Discovery revealed that Darrah had not retained an expert. Rosenfeld therefore filed a motion to exclude expert witness

---

1. Iowa Rule of Civil Procedure 80(a) states in relevant part:

Counsel's signature to every motion, pleading, or other paper shall be deemed a certificate that: Counsel has read the motion, pleading, or other paper; that to the best of Counsel's knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or cause an unnecessary delay or needless increase in the cost of litigation.... If a motion, pleading, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the motion, pleading, or other paper, including a reasonable attorney fee.

testimony pursuant to Iowa Code section 668.11 (1987).

The court overruled the motion and granted Darrah sixty days to designate an expert. Rather than doing so Darrah dismissed her petition without prejudice. Darrah then refiled her petition. The court, however, issued summary judgment in favor of Rosenfeld, dismissing Darrah's refiled suit on the merits. There was no appeal from the dismissal.

The issue then became whether sanctions should be imposed for having brought the suit under the circumstances. Rosenfeld filed a motion for sanctions pursuant to Iowa Rule of Civil Procedure 80(a). The district court denied the motion, concluding that it lacked jurisdiction to hear the motion because the suit had been dismissed. We reversed and remanded for consideration of Rosenfeld's motion. *See Darrah v. Des Moines Gen. Hosp.*, 436 N.W.2d 53, 55 (Iowa 1989). On August 28, 1989, the trial court imposed sanctions against Fields in the amount of $9204.

On appeal Fields does not contend the amount of sanction was excessive; he contends he did not violate rule 80(a). He thinks he completed adequate investigation before filing the petition and that it was "well grounded in fact." He argues that medical research he conducted independently at the state medical library, alone, constitutes reasonable inquiry.

I. In recent cases we have described the criteria for our review of cases involving rule 80(a) sanctions. Because our rule is similar to federal rule of civil procedure 11, federal decisions on the question are helpful and provide guidance. *Mathias v. Glandon*, 448 N.W.2d 443, 445 (Iowa 1989); *Darrah*, 436 N.W.2d at 54–55.

■ We accord the trial court discretion in assessing the appropriateness of a sanction. *Weigel v. Weigel*, 467 N.W.2d 277, —— (Iowa 1991); *Mathias*, 448 N.W.2d at 445; *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. ——, —— 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359, 381–83 (1990). The test is objective, not subjective. *Mathias*, 448 N.W.2d at 445–46. Thus the reason-

ableness of bringing suit is not tested on the basis of whether Fields believed his investigation was adequate. The test is whether a reasonable attorney would have brought suit if confronted with the same circumstances.

■ II. Fields filed the suit in July 1987, only two months after the first consultation with Darrah. The statute of limitations did not expire until the following December. It is significant that Fields was not under urgent time constraints. *Thompson v. United States*, 642 F.Supp. 762, 767 (N.D.Ill.1986). The absence of time constraints is especially significant under these facts because the highly specialized subject matter of Darrah's suit plainly was not within Field's understanding, a fact which should have been readily apparent to him.

Fields did not rely on the opinion of any doctor, nor did he consult any doctor prior to filing the petition. He did not obtain a medical opinion until after commencement of the case when a doctor, whose name had been given to Fields by Darrah, sent him a letter. The letter stated that he had seen Darrah and that Dr. Rosenfeld had not breached any standard of care. Fields received this letter at a time before the statute of limitations ran. It obviously could have been obtained prior to the filing of suit.

Fields admitted that, although he could have done so, he did not obtain any medical records or x-rays from any institution or any doctor Darrah visited. This could have been done by simply obtaining a patient's waiver and requesting the records from treating physicians and institutions.

This wholesale failure to investigate prior to filing suit is a significant factor in assessing the adequacy of counsel's prefiling investigation. *Wilson v. Hayes*, 464 N.W.2d 250, 264 (Iowa 1990); *see also Snipes v. United States*, 711 F.Supp. 827, 830–31 (W.D.N.C.1989) (medical malpractice counsel must "come to court armed with sound written medical opinion"). It was not adequate for Fields to rely on his client's account of what happened. The

rule is that "a reasonable inquiry into fact ordinarily requires more than exclusive reliance on the client's statement of the facts." Remsburg & Gaer, *General Overview of Federal Rule of Civil Procedure 11,* 38 Drake L.Rev. 261, 274 (1988–89).

Finally, Fields had the word of an experienced attorney whom Darrah had first consulted. That attorney advised Fields he had refused to file the case.

III. Fields contends the imposition of his sanctions suggests that the obtaining of an expert witness is a requirement before bringing a medical malpractice suit. This, he argues, places too heavy a burden on plaintiffs with limited funds. Our holding is only that the trial court did not abuse its discretion in determining that this suit was brought after inadequate investigation. It was thus within the discretion of the trial court to determine that it was not brought in good faith.

WRIT ANNULLED.