Richard R. WEMETT, Teresa M. Wemett, Caitlin Rae Wemett and Hanna Marie Wemett, Minors By and Through Teresa M. Wemett, Their Mother and Next Friend, Plaintiffs–Appellants/Cross–Appellees,

v.

Tina SCHUELLER and Jody Hord, Defendants–Appellees,

and

Anna Pacut, Defendant–Appellee/Cross–Appellant.

No. 94–1553.

Court of Appeals of Iowa.

Dec. 22, 1995.

Joseph J. Bitter, Dubuque, for appellants.

C.J. May III, Dubuque, for appellee Schueller.

Theresa M. Scannell and William C. Fuerste of Fuerste, Carew, Coyle, Juergens & Sudmeier, P.C., Dubuque, for appellee Hord.

Karla J. Shea and Gene Yagla of Yagla, McCoy & Riley, Waterloo, for appellee/cross-appellant Pacut.

Heard by SACKETT, P.J., HUITINK, J., and SCHLEGEL, S.J.*

SACKETT, Presiding Judge.

In this appeal from an order granting defendants-appellees Tina Schueller, Jody Hord, and Anna Pacut's motions for summary judgment, plaintiffs-appellants Richard R. Wemett, Teresa M. Wemett, Caitlin Rae Wemett, and Hanna Marie Wemett contend the trial court erred in finding no issues of material fact existed as to each defendant.

This case rises from a motor vehicle accident. Plaintiff Richard R. Wemett was driving a motorcycle when it was hit by a car driven by Jill Menzel. The collision occurred when Menzel pulled out from a stop sign. The three defendants were passengers in Menzel's car. Richard Wemett suffered injuries in the accident. Menzel is not a party to this suit, but was sued in another action. The other plaintiffs are Richard's wife and children.

Menzel's blood alcohol level was determined to be .092. Plaintiffs sought recovery from defendants on the theories they had furnished alcohol to Menzel, they were aiding and abetting her criminal conduct, and they were engaged in joint tortious conduct. The trial court dismissed all claims on the summary judgment and this appeal followed. We affirm.

The facts are substantially undisputed. Menzel, then eighteen years of age, had a party at her house the day of the accident. The accident happened about eight-thirty in the evening. Menzel and the three defendants, Tina Schueller, Jody Hord, and Anna

Pacut, left the house in a motor vehicle. Hord, then eighteen, sat in the front seat; Pacut, then seventeen, sat in the back seat; and Schueller, then eighteen, sat in the back seat. Menzel had been drinking vodka. A short way into the trip, Menzel pulled out from a stop sign and collided with Wemett on his motorcycle. A person in the car behind Menzel's car stated there was some activity in the car prior to Menzel's pulling out.

There is no evidence how Menzel got the vodka. Menzel testified she does not think the vodka came from her house, but she does not know where it came from.

Defendant Pacut filed a counterclaim contending there was a violation of Iowa Rule of Civil Procedure 80. Defendants filed motions for summary judgment contending they had not supplied alcohol to Menzel or contributed to her intoxication.

The trial court sustained defendants' motions for summary judgment and concluded plaintiffs recognized they had no evidence any defendant sold, gave, or supplied vodka to Menzel. It is from this ruling the appeal is taken.

In summary judgment, by proper motion, a party can compel his or her adversary to come forth with specific facts which constitute competent evidence showing a prima facie claim or defense.

The principles a court is guided by in ruling on a motion for summary judgment are well established. *See Gruener v. City of Cedar Falls*, 189 N.W.2d 577, 580 (Iowa 1971).

The language of our rule on summary judgments is very strong. Rule 237(e), Rules of Civil Procedure. Affidavits cannot merely be based on what someone has reported to affiant: "supporting and opposing affidavits shall be made on personal knowledge". Conclusions and beliefs are insufficient: "shall set forth such facts as would be admissible in evidence". The person making the statements must know whereof he or she speaks: "shall show affirmatively that the affiant is competent

* Senior judge from the Iowa Court of Appeals serving on this court by order of the Iowa Supreme Court.

to testify to the matters stated therein". When the motion itself is substantiated, the opposing party cannot simply rely upon his pleadings, for the pleadings are the very instruments that the procedure is designed to pierce: "an adverse party may not rest upon the mere allegations or denials of his pleading". Neither can the opposing party assert only generalities in resistance: "his response, by affidavits or as otherwise provided in this rule, must set forth *specific facts showing that there is a genuine issue for trial.*" (Emphasis added).

*Id.* at 580; *accord Iowa Civil Rights Comm'n. v. Massey–Ferguson, Inc.,* 207 N.W.2d 5, 8 (Iowa 1973); *Sherwood v. Nissen,* 179 N.W.2d 336, 339 (Iowa 1970).

█ Our review of the evidence in support of plaintiffs' resistance to the motions for summary judgment causes us to agree there is not evidence any defendant sold, gave, or supplied the vodka to Menzel. The affidavits of the three defendants and Menzel deny they sold, gave, or supplied the vodka to Menzel. Menzel's mother filed an affidavit stating her daughter told her someone brought the alcohol to their house, but there is no identity of that person.

Plaintiffs contend there is substantial circumstantial evidence to support a finding one or more of the defendants supplied the alcohol because the girls were together and the jury can find one or more to be lying. We agree with plaintiffs the issue of a witnesses' credibility is for the trier of fact, but there still must be facts, not speculation, as to the person who supplied the alcohol. We note there was evidence there was at least one more unidentified person at Menzel's house on the day of the accident. We concur with the trial court summary judgment properly issued dismissing the claims against the three defendants that they supplied alcohol to Menzel and/or contributed to her intoxication. We affirm the trial court on this issue.

Plaintiffs also sought to show there was substantial evidence defendants had aided and abetted Menzel and/or they were liable under a theory of joint tortious conduct.

These theories were first raised in the resistance to motion for summary judgment filed on the day set for the hearing on the motion.

█ Plaintiffs' theory of aiding and abetting is based on the premises defendants aided and abetted Menzel in the violation of certain statutory rules of the road. The most the evidence shows is defendants were passengers in the car and may have looked one way at the stop sign. We affirm the trial court on this issue.

█ Plaintiffs' last claim is there was evidence to support a claim of joint tortious conduct. To establish one is responsible for harm to a third person from the tortious conduct of another, one is subject to liability if he (a) does a tortious act in concert with the other or pursuant to a common design with him, or (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person. *Tubbs v. United Central Bank, N.A. Des Moines,* 451 N.W.2d 177, 182 (Iowa 1990). There is not substantial evidence to support a finding of such conduct.

█ Defendant Pacut has cross-appealed. She filed a motion for sanctions under Iowa Rule of Civil Procedure 80. Pacut contends plaintiffs' attorney had no basis for filing the action. She filed a motion for sanctions on that basis which the trial court denied without comment. We review on this issue for an abuse of discretion. *See State ex rel. Iowa Dep't. of Human Servs. v. Duckert,* 465 N.W.2d 871, 874 (Iowa 1991). We find no abuse of discretion.

**AFFIRMED.**