# IN THE COURT OF APPEALS OF IOWA

No. 19-0093
Filed January 23, 2020

**KURT FAHRNEY and BELA ANIMAL LEGAL DEFENSE AND RESCUE,**
  Plaintiffs-Appellees,

**vs.**

**ANIMAL RESCUE LEAGUE OF IOWA,**
  Defendant-Appellant,

**and**

**THE CITY OF DES MOINES, IOWA and JAMES BUTLER,**
  Defendants.
_____

Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.

The Animal Rescue League appeals the denial of its motion for sanctions against plaintiff Bela Animal Legal Defense and plaintiff's attorney. **REVERSED AND REMANDED.**

Jason M. Casini of Whitfield & Eddy, PLC, Des Moines, for appellant.

Jaysen McCleary, Des Moines, for appellees.

Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**TABOR, Judge.**

The Animal Rescue League (ARL) appeals the district court's denial of its motion for sanctions against plaintiff Bela Animal Legal Defense and Rescue (Bela) and plaintiff's counsel. The ARL argues the district court abused its discretion by declining to impose sanctions based on their perceived futility in deterring unprofessional conduct on this record. Because Iowa Rule of Civil Procedure 1.413(1) commands courts to impose sanctions when they find violations of the rule on frivolous filings, we reverse and remand for further proceedings.

## I.  Facts, Prior Proceedings, and Appellate Jurisdiction

This case originated as Bela's challenge to the seizure of Kurt Fahrney's dog, Diesel, in 2015, after the animal bit the neck of a four-year-old child. Bela contested the actions of the city of Des Moines in declaring Diesel to be a "dangerous dog" under its ordinance. Bela also alleged the ARL violated the constitution in performing animal control for the city. The district court dismissed Bela's claims in November 2016. Bela appealed, but our supreme court dismissed the case for failure to prosecute. Procedendo issued in April 2018.

While the appeal was pending, Bela continued to file pleadings in the district court. In late July 2018, the district court denied Bela's pending motions. The court found Bela's arguments "unsupportable" and declared the court was "without authority to reach back behind the November 2016 final order to create a different outcome more favorable to Bela." After addressing Bela's barrage of claims, the district court aptly summarized the situation:

When this prolix record is reduced to its essence, Bela wants a do-over. The vehicles the applicable rules of civil and appellate procedure provide for possibly obtaining a do-over were not followed by Bela. The court does not have the authority to consider or provide what Bela wants. The court's November 9, 2016 final order is the final word.

The ARL euthanized Diesel two days after that ruling. Several days later, Bela applied for a rule to show cause alleging the city and ARL should be held in contempt. The city resisted the application, contending no stays remained in place. The district court denied Bela's application in January 2019. Bela filed a cross appeal challenging that denial. In July 2019, the supreme court dismissed that cross appeal based on Bela's failure to comply with appellate filing deadlines.

Meanwhile, the ARL moved for sanctions against Bela and Bela's attorney Jaysen McCleary under rule 1.413(1). The ARL asserted, "Mr. McCleary's filings have gone well beyond lacking factual support or legal merit; they are being filed for an 'improper purpose' to harass the ARL and employees." The ARL continued:

> What is most troubling, however, is Mr. McCleary's improper tactic of using those filings to spread his inaccurate and inflammatory narrative about this case through social media with the intent to harass the ARL, incite public outrage and solicit donations for his organization, Plaintiff Bela Animal Legal Defense and Rescue.

The ARL attached several exhibits showing Bela's Facebook posts about the case. The ARL supplemented its motion three times with more exhibits showing Bela's social media campaign against the city and the ARL, including a post which referred to ARL's attorney as "dishonest" and an "enemy of innocent animals and civil rights!"

The district court denied the ARL's motion for sanctions in a November 2018 order. That order characterized ARL's request and the court's response in these paragraphs:

> The ARL seeks sanctions against [Bela] for two separate sets of activities: The first set of activities refers to filings made by [Bela] which the ARL contends contain misstatements of fact and law and mischaracterization of evidence and rulings. The second set of activities refers to social media posts by [Bela] that occurred after the court entered its final order in this matter on July 31, 2018.
>
> Sanctions are designed to deter unprofessional conduct and thereby improve professional performance. *First Am. Bank v. Fobian Farms, Inc.*, 906 N.W.2d 736, 745 (Iowa 2018). Sanctions should be awarded only when the court possesses the authority to impose them and, when imposing them, would make a difference in the sanctioned party's future professional conduct.
>
> The first set of actions falls within the scope of the court's sanctioning authority under the Iowa Rules of Professional Conduct. However, the court can conceive of no sanction under this record that would affect or deter unprofessional conduct in the future or have any positive impact on future professional competence. Addressing such issues is properly within the power of a different authority.
>
> The second set of actions fall outside the scope of the sanctioning authority provided by the Iowa Rules of Professional Conduct.

The ARL asked the district court to reconsider. The court declined. So the ARL filed a notice of appeal in January 2019.

In May 2019, Bela moved to affirm, which the supreme court denied. In August and again in October, Bela moved to dismiss the appeal, which the supreme court denied. Because Bela did not meet its appellate filing deadlines, the supreme court ordered the appeal to proceed on ARL's briefing.

In December 2019, the supreme court transferred this appeal to our court. After that transfer, Bela again moved to dismiss the appeal as interlocutory.[1] We

---

[1] Bela's motion also requested a chance to file a responsive brief. We declined to allow additional briefing because the supreme court denied that same request

issued an order declining to dismiss the appeal before issuing our opinion. That order noted: "It appears counsel for Bela filed a similar motion to dismiss on October 25, 2019, which was denied by the Iowa Supreme Court. To the extent that the instant motion raises any different claims, this court will consider those claims to be submitted along with the issues raised by the ARL."

We now address Bela's claim we lack subject matter jurisdiction to consider this appeal. After a close reading, we do not find the substance of Bela's motion to dismiss to be any different from the motion denied by our supreme court in October 2019. We are not free to countermand a decision of our supreme court. *See generally State v. Hastings,* 466 N.W.2d 697, 700 (Iowa Ct. App. 1990).

But even if the motion to dismiss raised fresh issues, we would deny it. First, Bela cites no authority in support of its position that the appeal is interlocutory. Second, the district court had jurisdiction to consider the ARL's motion for sanctions as a collateral issue. *See Schettler v. Iowa Dist. Ct. for Carroll Cty*., 509 N.W.2d 459, 464 (Iowa 1993); *Bd. of Water Works Trustees v. City of Des Moines*, 469 N.W.2d 700, 702 (Iowa 1991) (explaining that rulings on collateral claims are separately appealable as a final judgment); *see also Mathias v. Glandon*, 448 N.W.2d 443, 445 (Iowa 1989) (holding "appeal is the appropriate procedure for challenging the denial of a motion for sanctions"). Third, even if ARL did not have a direct appeal, dismissal is not the proper remedy. *See* Iowa R. App. P. 6.108. We decline to dismiss this appeal.

---

before transferring the case to us. *See generally Fobian Farms*, 906 N.W.2d at 746 (discussing law-of-the-case doctrine and binding nature of previous rulings on the later proceedings and appeal).

## II.    Scope and Standards of Review

We review a district court's decision whether to impose sanctions under rule 1.413(1) for an abuse of discretion. *Barnhill v. Iowa Dist. Ct.*, 765 N.W.2d 267, 272 (Iowa 2009). "Of course, we will still correct erroneous application of the law in the exercise of that discretion." *Weigel v. Weigel*, 467 N.W.2d 277, 280 (Iowa 1991) (discussing rule formerly numbered 80(a)).

In pertinent part, rule 1.413(1) states:

> Counsel's signature to every motion, pleading, or other paper shall be deemed a certificate that: counsel has read the motion, pleading, or other paper; that to the best of counsel's knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or cause an unnecessary delay or needless increase in the cost of litigation. . . . If a motion, pleading, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the motion, pleading, or other paper, including a reasonable attorney fee.

"We are mindful [this rule] directs the court to impose a sanction when it finds a violation." *Mathias*, 448 N.W.2d at 445. Thus, "[t]he question presented to the district court under [this rule] is not whether a court *shall* impose sanctions when it finds a violation—it *must*; instead, the question is how to determine whether there was a violation." *Id.* (emphasis added).

## III.    Analysis

In its motion for sanctions, the ARL alleged Bela and attorney McCleary "violated Rule 1.413(1) by making multiple, repeated misstatements of both fact and law" in pleadings and motions filed between November 2016 and July 2018.

The sanction motion asserted Bela's counsel filed those documents with the "improper purpose" of harassing the ARL and its employees.

In denying ARL's motion, the district court did not determine whether Bela or attorney McCleary violated rule 1.413(1) in their motions and pleadings. Instead, the court found it had "sanctioning authority" under the rules of professional conduct for the court filings but not the social media posts. The court declined to exercise that authority because it could "conceive of no sanction under this record" that would deter future unprofessional conduct.

On appeal, the ARL contends the district court's failure to exercise its sanctioning authority constituted an abuse of discretion. The ARL urges that courts have a duty to impose sanctions under rule 1.413(1) if they find a litigant or lawyer misused the judicial system by filing documents for an "improper purpose." *See* Mark S. Cady, *Curbing Litigation Abuse and Misuse: A Judicial Approach*, 36 Drake L. Rev. 483, 501 (1987).

The ARL also takes issue with the district court's deflection of the issue to "a different authority" such as the Attorney Disciplinary Board "in the hope that it may subsequently address it." While the professional conduct rules may be relevant to determining a violation of rule 1.413(1), according to the ARL, the source of the court's authority and responsibility to impose sanctions for improper litigation tactics is the civil procedure rule itself.

That reading of rule 1.413(1) finds solid support in our case law. It is true, as the district court noted, that sanctions "are designed to deter unprofessional conduct." *See Fobian Farms*, 906 N.W.2d at 745. Indeed, on top of deterrence, a more aspirational goal of rule 1.413(1) is to ensure a high degree of

professionalism in the practice of the law. *Id.* at 746. But the district court was mistaken in believing "[s]anctions should be awarded only . . . when imposing them would make a difference in the sanctioned party's professional conduct."[2]

The application of sanctions under this rule requires "first, a finding of a violation. Once a violation is found, sanctions are mandatory." *K. Carr v. Hovick*, 451 N.W.2d 815, 818 (Iowa 1990) (citing *Mathias*, 448 N.W.2d at 445). But circling back to the starting gate—whether a violation occurred is a matter for the district court to decide and involves "matters of judgment and degree." *Mathias*, 448 N.W.2d at 446.

The district court skipped the first step. It falls to that court to assess the disputed pleadings and motions in light of the requirements of rule 1.413(1). To trigger a violation, neither the party nor the attorney needs to act with malice or subjective bad faith. *Barnhill*, 765 N.W.2d at 273. The rule also targets negligence and, to some extent, professional incompetence. *Id.* The court must measure compliance with the rule "by an objective standard of attorney performance." Cady, 36 Drake L. Rev. at 501–02 (setting out multi-factor tests for deciding whether attorney has made a reasonable inquiry into the facts and the law).

---

[2] Sanctions serve the objectives of both specific *and general* deterrence. *See Dull v. Iowa Dist. Ct.*, 465 N.W.2d 296, 298 (Iowa Ct. App. 1990) (citing *Cooter & Gell v. Hartmarx,* 496 U.S. 384, 404 (1990)). So even if the district court did not have confidence the sanctions would impress the particular litigant or lawyer in this case, consistent enforcement of the rule sets expectations for the greater legal community. In addition, "[s]anctions are meant to avoid the general cost to the judicial system in terms of wasted time and money*." Barnhill*, 765 N.W.2d at 273. *But see Fobian Farms*, 906 N.W.2d at 759 (Wiggins, J. dissenting) (suggesting imposing sanctions based on the parties' filings would not deter similar conduct because the parties pursued claims pro se that their attorney failed to advise them were frivolous).

Because the district court's analysis was incomplete, we reverse the ruling denying ARL's motion for sanctions and remand for further proceedings consistent with this opinion. On remand, the district court should first determine whether Bela or attorney McCleary violated rule 1.413(1). "[B]efore sanctions are imposed, the alleged offender be afforded: (1) fair notice and (2) an opportunity to be heard." *Hovick*, 451 N.W.2d at 817–18. If any violations occurred, the court should order appropriate sanctions to deter future misconduct, to compensate the "victims" of the misconduct, and to protect the integrity of the judicial system. *See Barnhill*, 765 N.W.2d at 276–78 (discussing rule's twin aims of deterrence *and* compensation of the opposing party). We do not retain jurisdiction.

**REVERSED AND REMANDED.**