# IN THE COURT OF APPEALS OF IOWA

No. 19-0513
Filed June 17, 2020

**OZ SPIRITS, LLC,**
        Plaintiff-Appellee,

**vs.**

**SWELL LIQUOR, LLC,**
        Defendant-Appellant,

**and**

**DUNKEL CORPORATION d/b/a IOWA DISTILLING COMPANY, GLOBAL UNDERDOG ENTERPRISES, LLC, and WILL RICHARDSON,**
        Defendants.
_____

Appeal from the Iowa District Court for Warren County, Paul R. Huscher, Judge.

Swell Liquor, LLC appeals the denial of its motion for sanctions and attorney fees. **AFFIRMED.**

Joshua J. Conley and Timothy J. Zarley of Zarley Law Firm, P.L.C., Des Moines, for appellant.

Billy J. Mallory of Brick Gentry, P.C., West Des Moines, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**VAITHESWARAN, Presiding Judge.**

Oz Spirits, LLC (Oz) sued several defendants, including Swell Liquor, LLC (Swell). Oz alleged Swell made vodka "using [Oz]'s proprietary alcohol purification process." Oz raised claims of trade secret misappropriation under the Defend Trade Secrets Act and the Iowa Uniform Trade Secrets Act, as well as unfair competition, conversion, and concert of action claims, and a request for permanent injunctive relief. Swell moved for partial summary judgment. Swell included a request for "an award for attorney fees as provided by statute and the imposition of sanctions against Plaintiff and Plaintiff's counsel for this frivolous action." Oz voluntarily dismissed Swell from the action without prejudice.

Following the dismissal, Swell filed a motion for sanctions and attorney fees. Swell asserted Oz "began and maintained this action . . . without any factual basis." The district court determined Oz's voluntary dismissal rendered Swell the prevailing party[1] but that fact alone did not entitle Swell to fees. Instead, the court stated, "It is the conduct, or more accurately, the misconduct of [Oz] that could permit the award of attorney fees to [Swell]." The court concluded:

> The court has considered the pleadings filed by [Oz], and pursuant to [Iowa Rule of Civil Procedure] 1.413, does not find that they were filed without reasonable inquiry or interposed for an improper purpose. Nor can this court conclude that the filing of the action claiming misappropriation was done in bad faith. The filing of the claim against [Swell] was not frivolous, unduly prolonged, or harassing in nature.

---

[1] The court expressed some equivocation on this point, but a recent opinion supports the court's conclusion. *See Merrill v. Valley View Swine, LLC*, 941 N.W.2d 10, 16 (Iowa 2020) ("Iowa precedents allow a party to be recognized as a prevailing party even when the case is resolved through a voluntary dismissal.").

Swell moved to reconsider, enlarge, or amend the ruling. The district court ruled:

> The court considered the matters alleged in the Defendant's Motion for Sanctions and Attorney Fees, as well as the Reply to Plaintiff's Resistance in determining that imposition of sanctions and the award of attorney fees in this case was neither necessary nor appropriate. The Defendant has rearranged the sentences and realleged the same matters in this Motion for Reconsideration. The Motion is DENIED.

On appeal, Swell contends (1) "the district court abused its discretion by denying [its] motion . . . under [rule] 1.413 and Iowa Code [section] 619.19" (2017) and "under [rule] 1.503(6)." *See Mathias v. Glandon*, 448 N.W.2d 443, 445–46 (Iowa 1989) (setting forth standard of review).

Iowa Code section 619.19(2) states a signature on a court paper is a certificate that:

> a. The person has read the motion, pleading, or other paper.
> b. To the best of the person's knowledge, information, and belief, formed after reasonable inquiry, it is grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.
> c. It is not interposed for any improper purpose, such as to harass or cause an unnecessary delay or needless increase in the cost of litigation.

The statute authorizes sanctions for a violation:

> If a motion, pleading, or other paper is signed in violation of this section, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the motion, pleading, or other paper, including a reasonable attorney fee.

Iowa Code § 619.19(4). Similarly, rule 1.413(1) describes the effect of an attorney's signature on court papers as follows:

> Counsel's signature to every motion, pleading, or other paper shall be deemed a certificate that: counsel has read the motion, pleading, or other paper; that to the best of counsel's knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or cause an unnecessary delay or needless increase in the cost of litigation.

Iowa R. Civ. P. 1.413(1). The rule contains the same sanction language as the statute.

Rule 1.503(6), which applies to discovery, tracks the language of rule 1.413, stating:

> By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:
> (1) The disclosure is complete and correct as of the time it is made.
> (2) The discovery request, response, or objection is:
>     1. Consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law.
>     2. Not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.
>     3. Neither unreasonable or unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Iowa R. Civ. P. 1.503(6)(a). The rule authorizes a sanction for improper certification, as follows:

> If a certification violates this rule without substantial justification, the court, on motion or on its own, shall impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney fees, caused by the violation.

Iowa R. Civ. P. 1.503(6)(c). Under section 619.19 and rule 1.413,

> The reasonableness of the signer's inquiry into the facts and law depends on a number of factors, including, but not limited to: (a) the

amount of time available to the signer to investigate the facts and research and analyze the relevant legal issues; (b) the complexity of the factual and legal issues in question; (c) the extent to which pre-signing investigation was feasible; (d) the extent to which pertinent facts were in the possession of the opponent or third parties or otherwise not readily available to the signer; (e) the clarity or ambiguity of existing law; (f) the plausibility of the legal positions asserted; (g) the knowledge of the signer; (h) whether the signer is an attorney or pro se litigant; (i) the extent to which counsel relied upon his or her client for the facts underlying the pleading, motion, or other paper; (j) the extent to which counsel had to rely upon his or her client for facts underlying the pleading, motion, or other paper; and (k) the resources available to devote to the inquiries.

*Barnhill v. Iowa Dist. Ct.*, 765 N.W.2d 267, 273 (Iowa 2009); *accord Homeland Energy Sols.*, *LLC v. Retterath*, 938 N.W.2d 664, 709–10 (Iowa 2020). We have no precedent applying these factors to rule 1.503(6), but we presume the same analysis would apply.

Although the court's rulings were summary, the documents and arguments offered by Oz in resistance to the motion amply supported the denial of the motion under the cited statute and rules and supported the district court's conclusion that the misappropriation claim was not filed in bad faith. We discern no abuse of discretion in the court's refusal to find a violation of the pertinent statutes or rules and its refusal to impose sanctions or award attorney fees.

**AFFIRMED.**