K. CARR, Appellee,

v.

Theroy A. HOVICK, Appellant.

No. 88–1672.

Supreme Court of Iowa.

Feb. 21, 1990.

As Corrected Feb. 27, 1990.

Dennis L. Eaton, Des Moines, for appellant.

Denis Y. Reed, Des Moines, for appellee.

Considered by LARSON, P.J., and CARTER, LAVORATO, SNELL, and ANDREASEN, JJ.

LARSON, Justice.

The plaintiff, a partnership called K. Carr (Carr), bought a half interest in greyhound racing dogs from the defendant, Theroy A. Hovick, who claimed considerable experience in raising and training dogs. Hovick sent the dogs to a winter training session in Florida, but in the spring they were still not ready for racing as planned. In the summer, they were finally placed at tracks in Council Bluffs, Iowa, and Waterloo, Iowa, and at Rapid City, South Dakota, but they failed to even qualify. As racers, these were real dogs.

Not only were the dogs' professional careers in trouble, their personal lives had fallen on hard times as well. In racing dog parlance, they had become "overage maidens." With the dogs having been rejected at the track and spurned in love, Hovick did the only merciful thing. He put them to sleep, apparently a common practice in the dog racing business.

Carr sued Hovick for fraud in the sale of the dogs, and Hovick counterclaimed to recover expenses from the ill-fated venture and also joined claims for malicious prosecution and abuse of process against Carr. Hovick moved to dismiss Carr's suit on the ground it was frivolous, but the court refused. The court, however, found after trial that Carr had failed to prove its case and ordered it dismissed at that time. This raises the first issue.

■■ I. Hovick claims that, although Carr's suit was dismissed after trial, it was error for the court to refuse to dismiss it *before* trial. He claims this caused him unnecessary expense in defending the suit. We summarily reject this argument. Hovick's pretrial motion to dismiss was based on rules of civil procedure 80 and 216. Rule 80 provides sanctions for the filing of frivolous suits, but it does not provide an independent basis for dismissal. Rule 216 is inapplicable by its terms because Hovick attempted to use it before trial. Rule 216 provides:

> **216. Involuntary dismissal**.... *After the plaintiff has completed his evidence,* a defendant may move for dismissal because plaintiff has shown no right to relief, under the law or facts, without waiving his right to offer evidence thereafter.

(Emphasis added.)

■ II. The second issue is whether the court erred in finding against Hovick on his counterclaim for abuse of process. We reject this argument also. When a trial court finds that the party with the burden of proof has failed to carry his burden, we will not interfere on appeal unless we find that the burden was carried as a matter of law. In that case, "the evidence in the party's favor must be so overwhelming that only one reasonable inference could be drawn." On review we examine the evidence in the light most favorable to the judgment. *Roland A. Wilson & Assocs. v. Forty–O–Four Grand Corp.*, 246 N.W.2d 922, 925 (Iowa 1976); *accord Tubbs v. United Central Bank*, 451 N.W.2d 177, 182 (Iowa 1990).

■ The evidence in support of Hovick's claims for abuse of process does not rise to this level. In fact, Hovick's "evidence" of Carr's improper motives was little more than Hovick's own speculation that the suit was filed to avoid having to pay a portion of the dogs' expenses. We find no error on this issue.

III. The third issue involves the court's order for sanctions against Hovick's counsel under Iowa Rule of Civil Procedure 80(a) based on an alleged frivolous counterclaim for malicious prosecution. Our cases have held that, while abuse of process may be raised as a counterclaim, a claim for malicious prosecution may not; such an action must await final determination of the underlying case. *Galloway v. Zuckert*, 424 N.W.2d 437, 440 (Iowa 1988). The trial judge pointed this out to Hovick's counsel, who assured the judge that including such a claim in the counterclaim was proper.

The court found a violation of rule 80(a) and set a hearing to determine what sanctions should be imposed on Hovick's counsel. Rule 80(a) provides in relevant part:

> If a motion, pleading, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the motion, pleading, or other paper, including a reasonable attorney fee.

■ This rule and Iowa Code section 619.19 (1987), which includes similar provisions, are based on Federal Rule of Civil Procedure 11. Iowa Code section 619.19 and rule 80(a) are virtually identical in all respects relevant here. Accordingly, we will refer to the two sanction provisions collectively as rule 80(a) proceedings. The advisory committee note to the 1983 amendment to federal rule 11 states that sanctions under this rule must comport with due process requirements. This has been interpreted to mean that, before sanctions are imposed, the alleged offender be afforded: (1) fair notice and (2) an opportu-

nity to be heard. *Tom Growney Equip. v. Shelly Irrigation Dev., Inc.*, 834 F.2d 833, 835–37 (9th Cir.1987); *Gagliardi v. McWilliams*, 834 F.2d 81, 82 (3d Cir.1987); *Braley v. Campbell*, 832 F.2d 1504, 1514–15 (10th Cir.1987) (en banc). Although our court has not held that due process requirements must be met before the imposition of sanctions under rule 80, it seems clear that it would be required under the Federal and Iowa Constitutions. *See* Note, *Divining an Approach to Attorney Sanctions and Iowa Rule 80(a) Through an Analysis of Federal and State Civil Procedure Rules*, 72 Iowa L.Rev. 701, 715–16 (1987).

■ Application of sanctions under rule 80(a) and section 619.19 requires, first, a finding of a violation. Once a violation is found, sanctions are mandatory. *See Mathias v. Glandon*, 448 N.W.2d 443, 445 (Iowa 1989). Here, the court granted Hovick's counsel an opportunity to appear and argue the second step, the sanctions to be imposed. But the court did not give him notice that it was contemplating a finding of a predicate for the sanction, *i.e.*, a violation under rule 80(a). We believe this was error.

As the 1983 advisory committee note points out, due process in these circumstances will "depend on the circumstances of the situation and the severity of the sanction under consideration. In many situations the judge's participation in the proceedings provides him with full knowledge of the relevant facts and little further inquiry will be necessary." Fed.R.Civ.P. 11, Notes of Advisory Committee on Rules— 1983 Amendment.

The general rule is that sanctions will not be imposed upon a person who is not at least on notice that sanctions are under consideration. Ideally, the notice would also state the reason why sanctions are under consideration and the type of sanctions being considered. *See* American Bar Association Section of Litigation Report, *Standards and Guidelines for Practice under Rule 11 of the Federal Rules of Civil Procedure* (1988) [hereinafter ABA Report], *reprinted in* 5 C. Wright & A.

Miller, *Federal Practice and Procedure* § 1331, at 238 (Supp.1989) (citing *Sanko S.S. Co. v. Galin*, 835 F.2d 51, 53 (2nd Cir.1987); *Gagliardi*, 834 F.2d at 82; *Braley*, 832 F.2d at 1514–15).

■ With respect to the second requirement under due process, an opportunity to be heard, the rule is that the court, in its discretion may determine whether to hold a hearing on sanctions under consideration. This turns primarily on the type of violation involved. A hearing is ordinarily required when the sanction is based upon a finding of bad faith on the part of the alleged offender. A hearing is also appropriate whenever it would assist the court in its consideration of the sanctions issue or would significantly assist the alleged offender in the presentation of his or her defense. *See* ABA Report, *reprinted in* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1331, at 239. The report cites *INVST Financial Group, Inc. v. Chem–Nuclear System*, 815 F.2d 391, 405 (6th Cir.), *cert. denied*, 484 U.S. 927 (1987); *Brown v. National Board of Medical Examiners*, 800 F.2d 168, 173 (7th Cir. 1986); and *Rodgers v. Lincoln Towing Serv., Inc.*, 771 F.2d 194, 205–06 (7th Cir. 1985), which have also held that a hearing is not necessary where an attorney is sanctioned for filing frivolous motions not grounded in law or fact and where the judge imposing sanctions has participated in the proceedings.

The procedures employed in the imposition of sanctions may vary with circumstances, provided that due process requirements are satisfied. *See* ABA Report, *reprinted in* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1331, at 238 (listing thirteen factors to consider in adjusting the procedure).

In Iowa, we have held that a finding of a violation under rule 80(a) lies in the discretion of the district court. *Mathias*, 448 N.W.2d at 446. We have adopted guidelines, however, which the court should follow in making a determination as to whether a violation has occurred. These criteria, set out in *Mathias*, 448 N.W.2d at 446–47, incorporate the American Bar Association

standards on the subject, and we approved the standards in the *Mathias* case.

To comport with due process, the court here should have notified Hovick's counsel that sanctions were being contemplated, thereby giving him an opportunity to resist or to alter his course of conduct. Because this procedure was not followed, we reverse for a hearing on the underlying question of the violations of rule 80(a). Only upon conclusion of that hearing, and a determination of the violation, should the matter proceed to the imposition of sanctions.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.