# IN THE COURT OF APPEALS OF IOWA

No. 19-1813
Filed August 5, 2020

IN THE MATTER OF THE TERESA KASPARBAUER REVOCABLE LIVING TRUST,

R. SCOTT RHINEHART,
    Plaintiff-Appellant,

vs.

IOWA DISTRICT COURT FOR CARROLL COUNTY,
    Defendant.
_____

AMANDA KERBER, MELISSA KERBER, and JEREMY KERBER,
    Plaintiffs-Appellees,

vs.

IOWA DISTRICT COURT FOR CARROLL COUNTY,
    Defendant.
_____

Certiorari to the Iowa District Court for Carroll County, Adria Kester, Judge.

R. Scott Rhinehart challenges the imposition of a sanction. **WRIT ANNULLED.**

R. Scott Rhinehart, Sioux City, self-represented appellant.

Aaron W. Ahrendsen of Eich Werden Steger & Ahrendsen, P.C., Carroll, and James R. Van Dyke of Law Office of James R. VanDyke, Carroll, for appellees.

Considered by Bower, C.J., and Doyle and Schumacher, JJ.

**BOWER, Chief Judge.**

The district court sanctioned R. Scott Rhinehart $5000 for violations of Iowa Rule of Civil Procedure 1.413 while Rhinehart was acting as attorney for the Teresa Kasparbauer Revocable Living Trust. Rhinehart appealed. The supreme court treated the appeal as a writ of certiorari, which is the proper means to review a district court's order imposing sanctions,[1] and granted the writ. The supreme court then transferred the case to this court.

**I. Background Facts.**

*A. Case No. CVCV039182–the "Kerber case."* In prior litigation, Amanda, Melissa, and Jeremy Kerber—the children of Shirley Kerber, a deceased child of Teresa Kasparbauer—(hereinafter referred to as the "grandchildren") alleged a breach of fiduciary duty and confidential relationship against Teresa Kasparbauer's conservators; lack of testamentary capacity and undue influence; tortious interference with inheritance; and lack of notice of trust. *See Kerber v. Eischeid*, No. 15-1249, 2016 WL 1696929, at *5 (Iowa Ct. App. Apr. 27, 2016). The district court found Marie Eischeid and Marguerite Nielsen, two of Teresa's daughters, engaged in self-dealing when they used their positions as guardians and conservators to amend Teresa's inter vivos trust. *Id.* at *6. The court also found Teresa had been unduly influenced by Marie and Marguerite and that the notice given to the grandchildren was ineffective. *Id.* The district court awarded the grandchildren the share that Shirley would have received—a one-seventh interest in the Teresa E. Kasparbauer Trust (hereinafter the "Trust") and ordered

---

[1] *See Barnhill v. Iowa Dist. Ct.*, 765 N.W.2d 267, 272 (Iowa 2009).

a constructive trust upon Trust assets.  *Id.*  The remaining beneficiaries of the Trust were Teresa's six surviving daughters (hereinafter referred to as the "children").[2]

In the appeal from the prior action, the children, represented by Rhinehart, argued any claim to an interest in the trust was barred by the one-year statute of limitations set forth in Iowa Code sections 633A.3108 and 633A.3109 (2013), there was not sufficient evidence to support the conclusion that Marie and Marguerite breached their fiduciary duties as Teresa's conservators by amending the beneficiaries of her trust, proper notice of the opening of Teresa's estate and the amended trust had been given, and the district court's award of a one-seventh interest in the trust was improper because the Trust itself was an indispensable party to the litigation.  *Id.* at *1.  This court affirmed, finding no fault in the district court's ruling that the asserted statute of limitations was not applicable, there was substantial evidence to support the finding of breach of fiduciary duty, and declining to address the notice issue because it would not affect the ordered relief.  *See id.* at *7–9.  With respect to the indispensable-party claim, the court found the matter was not properly preserved:

> While it is true the children raised the issue early on in this case as an affirmative defense to the grandchildren's petition at law, the district court never actually ruled on the issue following trial.  The children argue they should be excused from the normal requirement that they file a motion requesting a ruling on the issue because they "could not afford another disastrous 'procedural' ruling based upon this little known 'quirk' in Iowa law."  We are not convinced.  If the children wished to preserve the issue for our review, then they were obligated to file a motion requesting that the district court rule on it first.  They did not do so.

---

[2] Marie, Marguerite, Teresa Smith, Annette Firkus, Mary Smith, and Kathleen Kasparbauer.  A son, Paul Kasparbauer, is not involved in the instant litigation.

*Id.* at *10.

The children filed an application for further review, which the supreme court denied on July 14, 2016.

*B. Case No. TRPR018570–the Trust.* On February 1, 2017, the grandchildren filed a petition to invoke court jurisdiction over the Trust, asking the court to order an accounting, remove Mary and Marguerite as trustees, and distribute the Trust assets.[3] The children, again represented by Rhinehart, filed a pre-answer motion to dismiss, asserting (1) the action was time-barred under Iowa Code sections 633A.3108 and 633A.3109, (2) the pleadings filed failed to specifically state who the parties are, on which side the parties should be placed, and the names of each of the parties and their various interests, and (3) the grandchildren were barred by collateral estoppel and res judicata from suing Marie and Marguerite or from seeking monetary damages from them or any other beneficiary of the Trust. The motion to dismiss was overruled.

On May 30, 2017, the children filed a pre-answer motion for summary judgment asserting (1) notice was appropriately given to the grandchildren on the opening of the estate and that no claims were made on the estate after the second publication of the estate administration, and that as such their claims were time-barred, (2) the grandchildren failed to name the Trust as a defendant in the previous matter and failed to name parties to the litigation in this matter; and (3) the claims were barred by collateral estoppel and/or res judicata and estoppel by acquiescence.

---

[3] In the petition, the grandchildren noted Trust assets had previously been used to pay $103,101.05 to Rhinehart for attorney fees.

The district court overruled the motion on July 4. The court determined the failure to identify the parties in the caption was not a ground to grant summary judgment; the children failed to identify any issue previously decided that would bar the grandchildren's claims on the grounds of issue preclusion; and the previous action established the one-seventh interest in the Trust, whereas the TRPR action dealt with the administration of the Trust and, thus, was not barred by claim preclusion. With regard to estoppel by acquiescence, the court noted "issues of fact and issues regarding the inferences to be drawn from undisputed facts" remained for trial. The court found section 633A.3108 inapplicable to these claims as that limitation relates to the *validity* of the Trust whereas this action relates to the *administration* of the Trust. It also found section 633A.3109 inapplicable because the grandchildren were beneficiaries rather than creditors.

The children filed an application for interlocutory appeal of the July 4 order and also filed their answer to the petition.

After an answer was filed, the grandchildren filed a motion for partial summary judgment. The children filed a motion to stay pending a ruling on the application for interlocutory appeal, which was denied.

On October 8, 2017, the district court ruled: "Since all the trust beneficiaries were parties in [the previous *Kerber* case], the fact that neither the Trust or any trustee was named as a party in [*Kerber*] does not mean the interest of [the grandchildren] in the Trust remains a factual issue to be relitigated in these proceedings." The court went on to find that the grandchildren, as beneficiaries, were interested parties with standing to invoke the court's exclusive jurisdiction when sitting in probate with respect to the internal affairs of the Trust. The court

further found that the breach-of-fiduciary-duty finding in *Kerber* established as a matter of law that neither Marie nor Marguerite were fit to serve in a fiduciary capacity and removed them as trustees. Teresa Smith was appointed trustee. The court also ordered no additional funds were to be expended from the Trust without court approval pending further order of the court.[4]

The children appealed the October 8 ruling. The supreme court granted interlocutory appeal of the July 4 ruling and consolidated it with the appeal of the October 8 ruling. The consolidated appeal was transferred to this court.[5]

While the consolidated appeal was pending, the children filed a motion in district court to allow attorney fees to prosecute the ongoing litigation and the appeal. The court denied the motion, which it confirmed on a motion to reconsider on February 6, 2018, writing:

> This court based its January 18, 201[8] Order on its view that the Trustee should not be able to use Trust funds to assist defendant beneficiaries to continue to litigate their contention that [grandchildren] have no interest in the Trust, when the court of appeals in [*Kerber*] has already determined that issue against those beneficiaries in [*Kerber*] and the Trust funds are subject to a constructive trust. The court's only interest in what issues were being raised on appeal was whether it had missed something that would justify considering additional factors. Having reviewed the brief, this court continues to believe that the Trustee of the Kasparbauer Trust has no constitutionally protected interest, separate from the interests of the beneficiaries that were all defendants in [*Kerber*], and, therefore, no right to re-litigate the [grandchildren']s interest in the Trust or the statute of limitations.

---

[4] The petition invoking jurisdiction asserted, that in addition to a number of distribution made from Trust funds: "After the limited accounting was provided, it is clear that there has been over $103,101.05 in attorney fees paid to Mr. Rhinehart. These fees were never approved by any court."

[5] The consolidated appeal was decided on December 5, 2018.

On February 7, the court ordered a trial scheduling conference be held and set the amount for the supersedeas bond to be posted by the children in order to stay proceedings in the district court.

On March 27, the grandchildren served several subpoenas on Rhinehart and his co-counsel, banks with accounts known to belong to the Trust, and accountants who provided services to the Trust.

The children again moved for leave to expend attorney fees from the Trust assets on March 28. The court again overruled the motion on May 10, writing:

> [The children] contend that the Trust has the statutory power under Iowa Code section 633A.4402(26) to employ and pay for an attorney. The trustee does have such authority, provided it is necessary to accomplish the proper management, investment, and distribution of the Trust property. It is at least arguable that the defense of the pending suit does not further any of those purposes. Although there apparently have been no steps taken to terminate the Trust and distribute the assets, there have been substantial funds expended, especially for legal fees, and there are issues regarding the appropriateness of those expenditures. Moreover, the Trust assets are subject to a constructive trust. Under all these circumstances, the court does not believe it is appropriate to authorize the trustee to pay any amount from the Trust for legal fees for the pending litigation.

The court noted its ruling was without prejudice to the Trustee obtaining indemnity for attorney fees personally advanced at the end of the litigation.

On April 4, the children filed a motion to quash the subpoenas, arguing the information sought was privileged. On May 10, the district court ordered none of the seven subpoenas should be quashed and noted the children had withdrawn their claim as to the subpoenas served on the banks at the time of the hearing. With respect to the subpoenas served on counsel and the accountants, the court provided for filing under seal, allowing the subpoenaed person to redact material deemed privileged with a statement as to the basis of the privilege claimed.

On May 14, the children filed a motion to amend or enlarge and "a report to the court and protest." On May 22, the district court amended its prior ruling to the extent that the children's attorney was not required to provide any billing documents dated later than October 8, 2017, (the date of the order limiting payment of fees without prior order of the court) "unless such billing statements have been paid or partially paid, directly or indirectly, from Trust funds."

On May 31, the children filed a motion to continue the trial, which was granted. However, the grandchildren objected because no supersedeas bond had been posted.

*C. Motion for sanctions.* On June 21, the grandchildren filed a motion for sanctions, asserting "Rhinehart's entire defense in this case has been frivolous," specifically noting these filings as violating Iowa Rule of Civil Procedure 1.413(1):

> **Trial Court**
> • Motion to Dismiss filed March 3, 2017
> • Motion for Summary Judgment filed May 30, 2017
> • Motion to Stay filed July 18, 2017
> • Motion to Vacate and/or Amend and Enlarge the Court's Order on the Issue of Attorney Fees filed January 24, 2018
> • Motion for Court Ordered Attorney Fees on Pending Case filed March 28, 2018
> • Motion to Quash Subpoenas filed April 4, 2018
> • Motion for Protective Order filed May 23, 2018
> **Appellate Filings**
> • Motion for Attorney Fees filed January 19, 2018
> • Motion to Strike Appellees' Proof Brief filed April 4, 2018

On June 29, the district court held a hearing on the motion to vacate the continuance. In its ruling, the court noted it previously had not been made aware that future proceedings in this matter would in any way impact the issues on appeal. The court stated:

It is one thing to allow the parties to proceed with preparation for trial while an appeal is pending, where the issue is whether the proceedings in the trial court would change the issues on appeal; it is quite another, to try a case while an appeal is pending, especially, whereas here, the appellate ruling could influence the actual issues at trial. Since the parties agree the pending appeals will not be resolved before the scheduled trial date, the August 28, 2018 trial should be continued. In the absence of the posting of a supersedeas bond, this case should otherwise proceed to the extent it does not affect issues on appeal.

On October 30, a hearing was held addressing several motions, including the motion for sanctions. The court deferred ruling on the motion for sanctions until trial.

*D. Second appeal.* This court issued its decision in the consolidated appeals on December 5. *In re Teresa Kasparbauer Revocable Living Tr.*, No. 17-1129, 2018 WL 6418724 (Iowa Ct. App. Dec. 5, 2018). We set out the children's arguments on appeal:

(1) the Trust's due process rights were violated because the Trust was not a named party and did not have notice of the first action, (2) the statute of limitations in Iowa Code section 633A.3108 (2017) prevents the grandchildren from bringing the second action, (3) the district court violated the constitutional rights of the Trust when it granted the grandchildren's motion for partial summary judgment, and (4) the doctrine of collateral estoppel and res judicata prevents the grandchildren from raising claims against the Trust that they initially raised against the [children] in the first action.

*Id.* at *1. The first and third arguments were rejected for several reasons, not the least of which was a failure to provide any supporting authority of the underlying assumption that a trust has due process rights. *Id.* at *3–4. The court also noted any complaint of lack of personal jurisdiction at most made the ruling voidable and, therefore, not subject to collateral attack. *Id.* at *3. The court rejected the

children's challenge to the district court's subject matter jurisdiction over the first action. *Id.*

The court next addressed the claim that the grandchildren were barred from any interest in the Trust by the asserted statute of limitations, Iowa Code sections 633A.3108 and .3109:

> We agree with the district court that the claimed statute[s] of limitations are not applicable here. Section 633A.3108 requires that an action "to contest the validity of a revocable trust" be brought "no later than one year following the death of the settlor." Section 633A.3109 provides a limitation on a creditor's rights against a revocable trust. The grandchildren are neither contesting the validity of the Trust nor are they creditors.

*Id.* at *4.

Finally, with respect to the doctrine of collateral estoppel, this court observed it is the children and the Trust that had a problem due to collateral estoppel. *Id.* at *5. We found "no error with the district court's ruling granting the grandchildren's motion for partial summary judgment and denying the [children]'s motion for summary judgment" and affirmed. The supreme court denied the children's application for further review on January 29, 2019.

*E. Back to district court.* Trial began on February 12, 2019. As noted in the district court's ruling on sanctions, several witnesses were called, and then "an issue arose regarding Attorney Rhinehart being called as a witness." Rhinehart moved to withdraw from further representation, which the court granted.

The children and grandchildren thereafter entered into stipulations resolving all issues except for the grandchildren's motion for sanctions against Rhinehart.

We set out the district court's factual findings concerning the motion for sanctions:

It was Mr. Rhinehart's duty to inform his clients of the possible strategies during the various proceedings. Despite this duty, Mr. Rhinehart has asserted a claim for which no case law nor statutory law supports. This flies in the face of rule 1.413's requirement that a party's claim be based in law or grounded in a modification or extension of current law. The appellate court noted Mr. Rhinehart had failed to cite any authority in support of his due process claim. *In re Kasparbauer Trust*, 2018 WL 6418724, at \*4. In addition to finding no supporting authority, the appellate court believed this to be an attempted collateral attack on the appellate court's first decision. *Id.* Despite the lack of support for his case, Mr. Rhinehart continues to argue the court of appeals and [the district court] were incorrect, even in his final briefing.

As noted above, his clients were unaware of the lack of legal support for his claims. Nevertheless, Mr. Rhinehart continued to regurgitate his position on attorney's fees, due process, and statute of limitations. . . .

. . . .

"Application of sanctions under rule [1.413] . . . requires, first, a finding of a violation." *K. Carr v. Hovick,* 451 N.W.2d 815, 818 (Iowa 1990). The rule creates three duties, known as the reading, inquiry, and purpose elements. *Weigel v. Weigel*, 467 N.W.2d 277, 280 (Iowa 1991). Each duty is independent of the others, so that a breach of one duty is a violation of the rule. *Harris v. Iowa Dist. Ct.,* 570 N.W.2d 772, 776 (Iowa App.1997). If a document is signed in violation of rule 1.413, the court is required to impose an appropriate sanction. *See Mathias v. Glandon,* 448 N.W.2d 443, 445 (Iowa 1989) ("We are mindful the rule . . . directs the court to impose a sanction when it finds a violation."). . . .

. . . .

In this case, several filings fail both the inquiry requirement and the purpose requirement. The inquiry element was violated because filings were filed without any reasonable basis in law or in fact or any basis for a good faith belief. The purpose requirement was not met because the filings as a whole were filed in an effort to postpone the distribution, whether it gave rise to any claim recognized by the law or not.

. . . .

. . . In this case, there was no case law or statutory support for his filings. Mr. Rhinehart has been an attorney for over [thirty] years and has a history of sanctionable conduct. This is an aggravating factor. His clients, as previously noted, took no action without instruction from him. There was nothing the grandchildren could have done to mitigate the losses they suffered and they did not do anything to cause any of the claims made in this case. These ABA factors weigh in favor of imposing sanctions.

Rhinehart challenges the $5000 sanction the district court imposed.

## II. Scope and Standard of Review.

> "A writ of certiorari lies where a lower . . . court has exceeded its jurisdiction or otherwise has acted illegally." "[O]ur review is for errors at law." A lower court acts illegally when its "findings lack substantial evidentiary support, or when the court has not properly applied the law." "When reviewing the district court's action, we 'either sustain [the writ] or annul it. No other relief may be granted.'"
> "We review a district court's order imposing sanctions . . . for an abuse of discretion." "A district court abuses its discretion when it 'exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable.'"

*Davis v. Iowa Dist. Ct.*, 943 N.W.2d 58, 61–62 (Iowa 2020) (alterations in original)

(citations omitted); *see also First Am. Bank v Fobian Farms, Inc.*, 906 N.W.2d 736,

744 (Iowa 2018).

## III. Discussion.

To the extent Rhinehart argues matters unrelated to the sanction, we will not address them here.[6] Rhinehart withdrew from representing the Trust on February 12, 2019, and has no standing as to any issue unrelated to the sanction imposed upon him personally.[7] *See Green v. Shama*, 217 N.W.2d 547, 556 (Iowa

---

[6] Whether or not correctly decided, the decisions of this court in prior appeals become the law of the case upon the issuance of procedendo. *Lee v. State*, 874 N.W.2d 631, 646 (Iowa 2016) ("It is a familiar legal principle that an appellate decision becomes the law of the case and is controlling on both the trial court and on any further appeals in the same case." (citation omitted)).

[7] Standing refers to "[a] party's right to make a legal claim or seek judicial enforcement of a duty or right." *Standing, Black's Law Dictionary* (11th ed. 2019). The issue of standing is wholly distinct from the merits of the underlying claims. *See Alons v. Iowa Dist. Ct.*, 698 N.W.2d 858, 864 (Iowa 2005) ("Even if the claim could be meritorious, the court will not hear the claim if the party bringing it lacks standing."). "Whether litigants have standing does not depend on the legal merits of their claims, but rather whether, if the wrong alleged produces a legally cognizable injury, they are among those who have sustained it." *Citizens for Responsible Choices v. City of Shenandoah*, 686 N.W.2d 470, 475 (Iowa 2004).

1974) ("[A] litigant may only assert [their] own constitutional rights and immunities."). Thus, the only issue before this court is whether the district court abused its discretion in sanctioning Rhinehart.

The sanction imposed was based upon the district court's finding that Rhinehart filed many motions and pleadings that violated Iowa Rule of Civil Procedure 1.413. That rule provides, in part:

> Counsel's signature to every motion, pleading, or other paper shall be deemed a certificate that: counsel has read the motion, pleading, or other paper; that to the best of counsel's knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or cause an unnecessary delay or needless increase in the cost of litigation. . . . If a motion, pleading, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the motion, pleading, or other paper, including a reasonable attorney fee.

Iowa R. Civ. P. 1.413(1); *see also* Iowa R. of Prof'l Conduct 32:3.1 ("A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification, or reversal of existing law.").

Rhinehart asserts the $5000 sanction the district court imposed "was a punishment for an Iowa lawyer doing his job as a zealous advocate." He contends he is being prevented "from ever disclosing that an Iowa judge or justice made a mistake," violating his constitutional right to free speech. We disagree.

The district court was correct in observing: "A party is not permitted to continuously relitigate an unfavorable ruling in every available procedural vehicle."

Having decided Rhinehart submitted a number of filings that violated rule 1.413, the district court considered the appropriate factors: "(1) the reasonableness of the opposing party's attorney's fees; (2) the minimum to deter; (3) the [sanctioned party's] ability to pay; and (4) factors related to the severity of the . . . violation." *Fobian Farms,* 906 N.W.2d at 746 (alteration in original) (citation omitted). With respect to the first factor, the court wrote:

> When looking at the sanctions standards in Iowa, the opposing counsels' affidavits on attorney's fees state the total cost less disbursements and expenses, was $95,475.44. This would come to a total of approximately 380 hours put into this case. There were over [seventy-five]—including appeals over the course of the past two and [a] half years, incurring substantial fees. Those fees are reasonable. The rate charged was reasonable considering the local customary rates, their experience, and the quality of their work product and advocacy. The amount of time expended was reasonable. There was little aspect of much of this matter that was well grounded in fact or in law, so that the majority of these fees were caused by the misconduct in the case.

The court also noted the trust beneficiaries entered into a stipulation that included payment of $60,000 toward the grandchildren's attorney fees.

Turning to the second factor, the district court noted that the primary purpose of a sanction was "deterrence." The court was required to determine what sanction would deter additional filings that were "without any reasonable basis in law or in fact or any basis for a good faith belief" or were filed in an effort to improperly postpone the Trust distribution.

With respect to the third factor, the court wrote:

> The next thing a court weighs is whether the party has the ability to pay. The district court may lower the amount of a sanction if the record is devoid of evidence of the ability to pay. The burden to prove inability to pay is on Mr. Rhinehart. His efforts at proof on this issue have been minimal. Mr. Rhinehart testified that he graduated from

law school in 1981. He is currently practicing in Sioux City, Iowa in a general practice.

(Citations omitted.)

And finally, the court considered the severity of the violation, observing "there was no case law or statutory support for [Rhinehart's] filings."

Rhinehart contends he has been punished for criticizing the courts. But the court's ruling shows the sanction was imposed for repeated filings asserting matters already addressed in the first action, including an inapplicable statute of limitations and unsupported claims of collateral estoppel, res judicata, and laches.

The district court opined imposing no sanction would not deter future filings and "deterrence, not compensation" was the goal. The court determined a $5000 sanction against Rhinehart was a proper deterrence. Our supreme court has recently reiterated, "The amount of the sanction should be sufficient to motivate the victims of frivolous filings to enforce the rule. Yet we are mindful that large monetary sanctions may discourage advocacy and lead to additional rounds of litigation to recover attorney's fees." *Fobian Farms*, 906 N.W.2d at 751 (citations omitted).

The grandchildren cross-appealed, contending the sanction was inadequate deterrence.

On our review, we conclude the district court did not abuse its discretion in finding Rhinehart violated Iowa Rule of Civil Procedure 1.413 and imposing a $5000 sanction. We therefore annul the writ.

**WRIT ANNULLED.**