**IN THE COURT OF APPEALS OF IOWA**

No. 23-2069
Filed January 9, 2025

IN RE THE MARRIAGE OF MATTHEW KRAUS
AND MOLLY KRAUS

Upon the Petition of
**MATTHEW KRAUS,**
        Petitioner-Appellant,

**And Concerning
MOLLY KRAUS,**
        Respondent-Appellee.

_____

        Appeal from the Iowa District Court for Delaware County, Thomas A. Bitter,

Judge.


        A petitioner appeals a sanctions order that awarded attorney fees and

dismissed his petition to modify custody. **AFFIRMED IN PART, REVERSED IN**

**PART, AND REMANDED FOR FURTHER PROCEEDINGS.**


        Thomas J. Viner of Viner Law Firm, P.C., Cedar Rapids, for appellant.

        Stephanie R. Fueger and McKenzie R. Blau of O'Connor & Thomas, P.C.,

Dubuque, for appellee.


        Considered by Ahlers, P.J., and Chicchelly and Buller, JJ.

**BULLER, Judge.**

Matthew Kraus appeals an order imposing sanctions after he filed what the district court found was a frivolous petition to modify the custody decree for his children with Molly Kraus. We see no abuse of discretion in the court finding the petition violated Iowa Rule of Civil Procedure 1.413, and we conclude monetary sanctions were ordered in an appropriate amount. But we reverse the district court's dismissal of the petition, as dismissal is not authorized as a sanction.

## I.      Background Facts and Proceedings

The essential facts are uncontested. Matthew and Molly divorced on November 22, 2022, pursuant to a stipulation that granted Molly physical care and Matthew visitation and set agreed-upon child support concerning their two minor sons. Fifty-one days later, on January 12, 2023, Matthew petitioned for modification, asserting a material and substantial change warranted revisiting custody and claiming the child-support amount "may" need adjusted.

In May 2023, Molly's counsel deposed[1] Matthew and questioned him about the basis for the modification. Matthew testified he understood the stipulation when he signed it but later regretted it. He agreed he made text-message statements to Molly suggesting he would try to change the stipulation as soon as

---

[1] We again ask parties to stop filing condensed four-panes-per-page deposition transcripts. There is no cost-savings to filing condensed transcripts in the digital era. They violate the rules, they are difficult to read, and they impede this court's mandate to dispose justly of a high volume of cases. *See, e.g.*, *Wanatee v. State*, No. 23-0507, 2024 WL 2842258, at *1 n.1 (Iowa Ct. App. June 5, 2024) (citing Iowa R. App. P. 6.803(2)(e)); *Curry v. State*, No. 23-0533, 2024 WL 1551272, at *2 n.1 (Iowa Ct. App. Apr. 10, 2024); *In re Est. of Van Ginkel*, No. 18-1923, 2019 WL 5063326, at *5–6 (Iowa Ct. App. Oct. 9, 2019) (Doyle, J., writing separately) (lamenting "those awful condensed transcripts . . . with four pages of testimony crammed onto one page").

two weeks after it was finalized, punctuated by a smiley-face emoji. And he testified his employment was materially unchanged between the divorce and the petition. Matthew's testimony at the hearing was much the same: he agreed he had "no basis" to seek modification except that he wanted to change the terms of the agreement because he regretted signing it. He agreed with Molly's counsel that "this modification [was his] attempt to do-over the things that [he didn't] like about [the] divorce decree."

Molly moved for sanctions under Iowa Rule of Civil Procedure 1.413, which Matthew resisted. After a contested hearing, the district court made a fact finding that Matthew's intention in filing the petition to modify "was to fix or change the things he regretted from the original stipulation"—and not based on any actual change in circumstances. The court ruled: "It would be difficult to imagine a stronger case for the imposition of sanctions pursuant to [Rule] 1.413. Only if Matthew had filed his petition even faster than 51 days post-decree would it be more egregious." The court dismissed the petition for modification as a sanction for the frivolous filing and ordered Matthew to pay Molly's attorney fees in the amount of $7,226.65. Matthew appeals, contesting the appropriateness and amount of sanctions.

## II.    Standard and Mechanism of Review

We review sanctions orders for an abuse of discretion. *Dupaco Cmty. Credit Union v. Iowa Dist. Ct.*, 13 N.W.3d 580, 589 (Iowa 2024). "The question presented to the district court . . . is not whether a court shall impose sanctions when it finds a violation [of what is now Rule 1.413]—it must; instead, the question is how to determine whether there was a violation." *Mathias v. Glandon*, 448

N.W.2d 443, 445 (Iowa 1989). If supported by substantial evidence, we are bound by the district court's fact findings. *Dupaco*, 13 N.W.3d at 589.

As for the mechanism of review, we note that certiorari is the typical vehicle for review of sanctions. *See Hearity v. Iowa Dist. Ct.*, 440 N.W.2d 860, 862 (Iowa 1989) ("Review of a district court's order imposing sanctions is not by appeal, but rather is by application for issuance of a writ of certiorari."). But because the district court dismissed Matthew's petition as a sanction, it is possible this is an appeal as a matter of right. *See generally* Iowa R. App. P. 6.103(1) ("All final orders . . . materially affecting the final decision of the case may be appealed . . . ."). The parties do not address this issue in their briefs. And we conclude we need not resolve this tricky question because we are permitted to "proceed as though the proper form of review had been requested" and we find the mechanism of review is not dispositive on the issues presented. Iowa R. App. P. 6.151(1); *see also Buhr v. Howard Cnty. Equity*, No. 10-0776, 2011 WL 1584348, at *4 (Iowa Ct. App. Apr. 27, 2011) (coming to the same conclusion in a similar case by applying the predecessor to Rule 6.151).

### III. Discussion

Although the parties do not frame the issues exactly this way, the core arguments briefed in this appeal concern whether there was a violation of Rule 1.413, whether the monetary sanction was appropriate, and whether dismissal was a permitted sanction. We organize the analysis in this fashion and address each question.

## A. Rule 1.413

Iowa Rule of Civil Procedure 1.413 imposes "three duties known as the reading, inquiry, and purpose elements." *Barnhill v. Iowa Dist. Ct.*, 765 N.W.2d 267, 272 (Iowa 2009) (cleaned up). A pleading that does not comply with all three duties violates the rule, and the court must impose a sanction. *Id.* The analysis focuses on "the time the paper is filed" and measures conduct to determine whether it was "reasonable[ ] under the circumstances," judged against the standard of "a reasonably competent attorney admitted to practice before the district court." *Id.* (citation omitted). Relevant facts in assessing whether the rule has been violated include but are not limited to:

> (a) the amount of time available to the signer to investigate the facts and research and analyze the relevant legal issues;
> (b) the complexity of the factual and legal issues in question;
> (c) the extent to which pre-signing investigation was feasible;
> (d) the extent to which pertinent facts were in the possession of the opponent or third parties or otherwise not readily available to the signer;
> (e) the clarity or ambiguity of existing law;
> (f) the plausibility of the legal positions asserted;
> (g) the knowledge of the signer;
> (h) whether the signer is an attorney or pro se litigant;
> (i) the extent to which counsel relied upon his or her client for the facts underlying the pleading, motion, or other paper;
> (j) the extent to which counsel had to rely upon his or her client for facts underlying the pleading, motion, or other paper; and
> (k) the resources available to devote to the inquiries.

*Id.* at 273 (formatted for readability).

As Molly notes in her appellate brief, "Matthew largely does not dispute the district court's factual findings." But we discern two legal arguments in his brief. First, he asserts Rule 1.413 should not apply in family-law cases. He cites no authority for this argument, and we are aware of none that supports it. The Iowa

Rules of Civil Procedure, including Rule 1.413, "govern the practice and procedure in all courts of the state" except where expressly displaced by rule or statute. Iowa R. Civ. P. 1.101. And the text of the rule itself specifies it applies to every "motion, pleading, or other paper." Iowa R. Civ. P. 1.413. Also, while there may not be an Iowa appellate case affirming sanctions following a petition for modification, we reviewed such a sanction in *In re Marriage of Kloberdanz*, No. 03-1600, 2004 WL 1836235, at *2–4 (Iowa Ct. App. July 28, 2004), without suggesting the rule does not apply to the family-law docket. And there are other cases affirming Rule 1.413 sanctions in the broader family-law realm. *See, e.g.*, *In re Marriage of Whitford*, No. 17-2081, 2018 WL 6338625, at *2 (Iowa Ct. App. Dec. 5, 2018); *In re Marriage of Stark*, No. 04-0362, 2004 WL 2676431, at *4–5 (Iowa Ct. App. Nov. 24, 2004). We conclude Rule 1.413 applies to family-law cases just like any other civil litigation.

Second, Matthew asserts the motion for sanctions was untimely. We assume without deciding this issue was adequately preserved, as Molly does not contest error-preservation—though we note the district court's ruling does not seem to address timeliness. On the merits, Matthew does not cite any case law holding that a motion for sanctions filed seven months after a petition is untimely. We found a one-month delay was expeditious and without undue delay, but a sixteen-month delay was untimely in *Dutton, Daniels, Hines, Kalkhoff, Cook & Swanson, P.L.C. v. Iowa Dist. Ct.*, No. 21-1390, 2022 WL 2347197, at *5 (Iowa Ct App. June 29, 2022), where we noted the "text of rule 1.413 contains no deadline for filing sanctions motions." And we recognized there that we do "not expect an immediate motion for sanctions" and "usually wouldn't expect such a motion 'until

after the completion of discovery.'" *Id.* Here, Molly's counsel emailed Matthew's counsel "within days of . . . filing" the petition, contending it was "not filed in good faith" and suggesting Matthew voluntarily dismiss it, which he declined to do. And in May, counsel deposed Matthew (with transcript provided in mid-June), obtaining sworn testimony from Matthew that he knew he had not alleged a substantial and material change in circumstance. Following his sworn admission, Matthew did not dismiss the petition. The motion for sanctions was filed a little more than two months after Molly's counsel obtained the sworn evidence, and we find Matthew cannot claim unfair surprise or that it was Molly or her counsel dragging their feet in litigation. To the extent the timeliness issue is properly before us, we discern no abuse of discretion by the district court.

To the extent Matthew contests the facts supporting the sanction, we again discern no abuse of discretion by the district court. The court found there was no legitimate basis for the petition with its finding that Matthew's purpose "was to fix or change the things he regretted from the original stipulation" rather than assert materially changed circumstances. This fact finding is supported by substantial evidence—namely Matthew's own sworn deposition testimony, bolstered by text messages he sent Molly, reinforced by his sworn testimony at the sanctions hearing. And the district court reasonably applied the law, which required the petition to assert—and Matthew to ultimately prove—something very different from his sworn testimony: "that conditions since the decree was entered have so materially and substantially changed that the children's best interests make it expedient to make the requested change." *In re Marriage of Frederici,* 338 N.W.2d 156, 158 (Iowa 1983).

Last on this factual front, we note a loose end in the record: Matthew's contention one of the boys made a threatening statement, possibly after the divorce was finalized but before he filed the petition. The district court found Matthew's testimony on this point was not credible and noted the record was unclear on whether the statement was made before or after the divorce was finalized. We do not rest our decision on the credibility finding or murky facts surrounding the boy's statements, as we find this factual dispute is a red herring given Matthew's repeated admission that he filed the petition because he regretted the stipulated divorce decree and wanted a "do-over." Those facts drive the analysis and the district court's finding that Rule 1.413 was violated; not anything related to the children's statements.

Mindful that we are not asked to decide whether we would have imposed a sanction but instead only whether the district court abused its discretion in doing so, we affirm. The court's factual findings are supported by the record, and we recognize the court's privileged position to evaluate live testimony from the parties in rendering its decision.

### B. The Monetary Sanction

The primary purposes of Rule 1.413 are to "maintain a high degree of professionalism in the practice of law" and "discourage parties and counsel from filing frivolous suits and otherwise deter misuse of pleadings, motions, or other papers." *Barnhill*, 765 N.W.2d at 273. "Sanctions are meant to avoid the general cost to the judicial system in terms of wasted time and money." *Id.* In other words, the rule and resulting sanctions have both general- and specific-deterrence purposes. *See id.* Sanctions also have the secondary purpose of allowing partial

compensation to parties victimized by attorney misconduct. *Rowedder v. Anderson*, 814 N.W.2d 585, 591–93 (Iowa 2012).

Matthew asserts he should not have to pay Molly's attorney fees because Molly testified she thought she paid less than the total put forward in the fee affidavits and "the court did not apply proper weight to the incomes of the parties— Matt does not have a disparately greater income than Molly." Molly's appellate brief explains she did not recall the precise amount of attorney fees paid when she was asked on cross-examination, and she notes Matthew did not contest her fee affidavit as unreasonable or otherwise improper.

We do not find Molly's on-the-witness-stand recollection of her attorney-fee bills particularly insightful: she testified she didn't "have exact numbers" and thought she paid "a few thousand" dollars. In any event, the basis for the attorney-fee sanction was the fee affidavit filed by Molly's counsel—not Molly's trial testimony. And Matthew did not contest the fee affidavit in any way. As for Matthew's assertions about the lack of income disparity between him and Molly, his argument might have some sway if we were talking about allocating attorney fees under Iowa Code section 598.36 (2023). But we aren't. The award of fees here was pursuant to Rule 1.413, and Matthew cites no authority suggesting income disparity is a relevant consideration. We affirm the attorney-fee award, as we discern no abuse of discretion, the fee affidavits appear reasonable on our review, and the awarded fees are linked to the sanctionable pleadings.

Our affirmance on the monetary sanction is independent of and notwithstanding our subsequent findings on the dismissal issue. We express no

opinion on whether the filings in this appeal or any future filings in this matter may warrant additional monetary sanctions.

### C. Dismissal

Matthew also argues that dismissal was not an appropriate sanction. Molly contends the list of sanctions in Rule 1.413 is not intended to be exhaustive. *See* Iowa R. Civ. P. 1.413(1) (permitting "an appropriate sanction, which *may* include . . ." (emphasis added)). Unfortunately, neither party's brief cites our previous case law addressing the issue—nor did they bring this authority to the attention of the district court.

More than a decade ago in an unpublished case, we held that dismissal is not appropriate when Rule 1.413 is the sole basis for a sanction. *Buhr*, 2011 WL 1584348, at *6. Our decision rested on three grounds. First, the supreme court interpreted the predecessor provision to Rule 1.413 as not authorizing dismissal. *Id.* (citing *K. Carr v. Hovick*, 451 N.W.2d 815, 817 (Iowa 1990)). Second, other rules of civil procedure expressly authorize dismissal as a sanction, so its omission from Rule 1.413 is persuasive. *Id.* at *6 n.4 (citing various rules). And third, while recognizing that federal courts authorize dismissal under their analogous procedural rule, our supreme court's decision in *K. Carr* reflected a deliberate departure from federal law that binds us as an intermediate appellate court. *Id.*; *K. Carr*, 451 N.W.2d at 817.

In a more recent case, our supreme court reiterated this last point—that "Iowa's rule now diverges substantially from the federal rule." *Dupaco*, 13 N.W.3d at 591 n.3. We find all the rationales we cited in *Buhr* remain applicable today, and dismissal is not an available sanction for violating Rule 1.413. And, as one

additional observation, we are mindful that depriving Matthew of his day in court "carries due process considerations," and this also weighs against imposing the ultimate civil sanction of dismissal. *See* Mark S. Cady, *Curbing Litigation Abuse and Misuse: A Judicial Approach*, 36 Drake L. Rev. 483, 517–21 (1987).

Because the district court solely relied on Rule 1.413 as the basis for dismissing the petition, we reverse on that issue and remand for further proceedings consistent with this opinion. We express no opinion on whether the matter must proceed to trial or instead be resolved through other procedural mechanisms or pretrial motions.

## IV.    Disposition[2]

We affirm the district court's ruling that Matthew's petition to modify violated Rule 1.413. We affirm the monetary sanction. And we reverse the portion of the ruling dismissing the petition as a sanction and remand for proceedings consistent with this opinion.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**

---

[2] The district court ruling does not make clear if it was imposing the sanction against "the person who signed [the papers], a represented party, or both." *See* Iowa R. Civ. P. 1.413(1). We express no opinion on whether counsel has violated a rule of professional conduct.