# In the Iowa Supreme Court

No. 23–2069

Submitted November 13, 2025—Filed  December 12, 2025

In re the marriage of **Matthew Kraus** and **Molly Kraus.**

Upon the petition of **Matthew Kraus,**

Appellant,

and concerning **Molly Kraus,**

Appellee.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Delaware County, Thomas A. Bitter, judge.

Applicant seeks further review of a court of appeals decision reversing the dismissal of a petition to modify a divorce decree as a sanction for filing the petition in violation of rule 1.413. **Decision of Court of Appeals Affirmed; District Court Judgment Affirmed in Part, Reversed in Part, and Case Remanded.**

McDonald, J., delivered the opinion of the court, in which all justices joined.

Thomas J. Viner (argued) of Viner Law Firm P.C., Cedar Rapids, for appellant.

Stephanie R. Fueger (argued) and McKenzie R. Blau of O'Conner & Thomas, P.C., Dubuque, for appellee.

**McDonald, Justice.**

Iowa Rule of Civil Procedure 1.413(1) provides that "[c]ounsel's signature to every . . . pleading . . . shall be deemed a certificate that: counsel has read the . . . pleading, . . . that to the best of counsel's knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact . . . ; and that it is not interposed for any improper purpose, such as to harass or cause an unnecessary delay or needless increase in the cost of litigation." If a pleading is signed in violation of the rule, the court must impose "an appropriate sanction." *Id.* The question presented in this appeal is whether dismissal of a petition to modify a dissolution decree is an appropriate sanction for signing a petition in violation of the rule.

Matthew and Molly Kraus were married in April 2013. They have two children. In January 2021, Matthew petitioned to dissolve the marriage. In November of 2022, Matthew and Molly entered into a stipulation and agreement to resolve the dissolution proceeding. Under the terms of the stipulation, the parties were to have joint legal custody of the children, Molly was to have physical care of the children, and Matthew was to have regular visitation. Paragraph seven of the stipulation provided that the children were to remain in the Maquoketa Valley School District until the end of 2022–2023 school year, but that Molly was entitled to enroll the children in the West Dubuque School District the following year. Thereafter, the children were to attend the appropriate school based on Molly's residential address. The district court entered its judgment and decree incorporating the stipulation on November 22.

Matthew almost immediately had misgivings about the decree and intended to pursue a modification action. On December 7, Matthew and Molly were having a minor dispute regarding visitation. Molly texted Matthew a

screenshot of a paragraph from the stipulation regarding visitation. Matthew responded, "Don't worry, that'll be getting changed soon," followed by a smiley face emoji. A few weeks later, on January 9, new counsel appeared for Matthew in the dissolution case. His prior counsel withdrew from the case. Two days later, on January 12, only fifty-one days after the entry of the decree, Matthew filed his petition to modify the decree, which is the pleading at issue in this case. In the petition, Matthew sought to modify the custody, care, and visitation arrangement and the amount of his child support obligation. Matthew claimed that "[t]he current custody, care, and visitation orders are no longer in the best interest of the children" and "[t]he current child support and medical support orders may need adjusted."

Following discovery, Molly moved for sanctions pursuant to rule 1.413. She argued the petition was filed in violation of rule 1.413 "because it was filed without a good faith basis to support the allegation that there have been such significant changes in the less than two months between its filing and the decree to warrant a modification." In support of the motion, Molly included excerpts from Matthew's deposition where he admitted there had not been any change in circumstances and that the petition was his "attempt to fix the things that [he] regret[ted] about the divorce decree."

The district court set the sanctions motion for hearing. The parties testified at the hearing and submitted exhibits. At the hearing, Matthew claimed that he filed the petition because one of the children threatened to bring a gun to school to get kicked out of school. In Matthew's view, this showed that the children were dissatisfied with the school arrangements (notably, the children had not yet changed schools at the time of filing) and that the custody, care, and visitation arrangements in the decree needed modification. On cross-examination,

Matthew admitted that "[n]othing had changed" between the time of the decree and when he filed the petition to modify and that he "had no basis" to seek to change the decree "other than [his] desire to change the terms of the decree." He conceded this on multiple occasions.

The district court found the petition was signed and filed in violation of rule 1.413. The district court found Matthew's claim that one of the children threatened to bring a gun to school not credible. In particular, the district court explained the allegation was not credible given that Matthew made no contemporaneous report to anyone else about the child's alleged threat. The court concluded that "[i]t would be difficult to imagine a stronger case for the imposition of sanctions pursuant to [rule] 1.413. Only if Matthew had filed his petition even faster than 51 days post-decree would it be more egregious." The district court dismissed the petition as a sanction for violating rule 1.413 and ordered Matthew to pay Molly's attorney fees in the amount of $7,226.65 plus interest at 7.33% per annum.

Matthew timely filed this appeal, and we transferred the case to the court of appeals. The court of appeals affirmed the district court's finding that Matthew filed the petition without a basis in fact for the purpose of obtaining a de facto do-over of those portions of the decree he regretted. The court of appeals affirmed the district court's finding that the petition violated rule 1.413. The court of appeals also affirmed the district court's order that Matthew pay Molly's attorney fees as a sanction. The court of appeals reversed the district court's dismissal sanction, concluding that dismissal was not an appropriate sanction for violating rule 1.413.

We granted Molly's application for further review. On further review, this court has the discretion to address only certain issues and to let the court of

appeals decision stand on the remainder. *Cnty. Bank v. Shalla,* 20 N.W.3d 812, 818 (Iowa 2025). We exercise that discretion here, and we address only the narrow issue of whether rule 1.413 itself authorizes the district court to dismiss a petition as a sanction for violating the rule. The court of appeals decision is final as to all other issues.

Rule 1.413 imposes obligations on a signer of every "motion, pleading, or other paper." Iowa R. Civ. P. 1.413(1). By signing and filing the document, the signer certifies "(1) that he has read the petition, (2) that he has concluded after reasonable inquiry into the facts and law that there is adequate support for the filing, and (3) that he is acting without any improper motive." *Dupaco Cmty. Credit Union v. Iowa Dist. Ct.,* 13 N.W.3d 580, 590 (Iowa 2024) (quoting *Weigel v. Weigel,* 467 N.W.2d 277, 280 (Iowa 1991)). If the court finds that a pleading is signed in violation of the rule, the court "shall impose upon the person who signed it, a represented party, or both, an *appropriate sanction,* which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the motion, pleading, or other paper, including a reasonable attorney fee." Iowa R. Civ. P. 1.413(1) (emphasis added).

In determining whether dismissal is an "appropriate sanction" within the meaning of the rule, we begin with the text of the rule itself. Rule 1.413 does not define or otherwise limit what constitutes an appropriate sanction. The words "appropriate sanction" are followed by a nonrestrictive adjectival clause specifying that an appropriate sanction may include an order to pay the other party's reasonable expenses incurred because of the filing of the pleading. *See United States v. Nishiie,* 996 F.3d 1013, 1022 (9th Cir. 2021) ("A clause is said to be nonrestrictive . . . if it could be omitted without obscuring the identity of the noun to which it refers or otherwise changing the intended meaning of the

rest of the sentence. Nonrestrictive relative clauses are usually introduced by *which . . .* and are set off from the rest of the sentence by commas." (quoting The Chicago Manual of Style § 6.27 (17th ed. 2017) (ebook))). As set forth in the rule, an order to pay reasonable expenses is thus only one nonexclusive example of what may be an appropriate sanction. The nonrestrictive clause necessarily implies, however, that there may be other appropriate sanctions. *See United States v. Indoor Cultivation Equip. from High Tech Indoor Garden Supply*, 55 F.3d 1311, 1315 (7th Cir. 1995) ("[A] nonrestrictive clause . . . does not limit the meaning of the word it modifies . . . ."); *Gravatt v. Gen. Star Indem. Co.*, No. 98 Civ. 6670, 1998 WL 842351, at *4 n.5 (S.D.N.Y. Dec. 2, 1998) ("Nonrestrictive clauses do not limit or define, but merely expand upon the meaning of the words to which they relate.").

Although the text of rule 1.413 does not itself exclude dismissal as an appropriate sanction, our appellate precedents prohibit it. In *K. Carr v. Hovick*, we "summarily reject[ed]" the argument that rule 1.413 (then rule 80) could serve as a basis for dismissal. 451 N.W.2d 815, 817 (Iowa 1990). We explained the rule "provides sanctions for the filing of frivolous suits, but it does not provide an independent basis for dismissal." *Id.*

Later, the court of appeals expanded on *K. Carr* in *Buhr v. Howard County Equity*, No. 10–0776, 2011 WL 1584348 (Iowa Ct. App. Apr. 27, 2011). There, the district court dismissed the plaintiff's case based solely on a violation of rule 1.413. *Id.* at *3. The court of appeals reversed, holding that rule 1.413 did not provide an independent basis for dismissal. *Id.* at *6. Relying on our decision in *K. Carr*, the court of appeals explained that dismissal as a sanction for violating rule 1.413 may prevent access to the courts and may raise due process concerns by depriving litigants of the ability to have their day in court. *Id.* The

court further noted that rule 1.517(2)(*b*)(3) (relating to discovery violations) explicitly provided for dismissal of a suit as a sanction for violating the rules, from which it could be inferred that dismissal was not an appropriate sanction under rule 1.413. *Id.* at *6 n.4. The court of appeals acknowledged that Iowa's interpretation of rule 1.413 was different than the interpretation of the analogous Federal Rule of Civil Procedure 11, but it correctly stated that Iowa courts are not bound by the federal courts' interpretation of analogous rules. *Id.* at *6 n.5.

We decline to change course now. *Stare decisis et non quieta movere* means "to stand by the thing decided and not disturb the calm." *Ramos v. Louisiana*, 590 U.S. 83, 115 (2020) (Kavanaugh, J., concurring in part). "Stare decisis alone dictates continued adherence to our precedent absent a compelling reason to change the law." *Book v. Doublestar Dongfeng Tyre Co.*, 860 N.W.2d 576, 594 (Iowa 2015). A compelling reason "require[s] the highest possible showing that a precedent should be overruled." *Brewer-Strong v. HNI Corp.*, 913 N.W.2d 235, 249 (Iowa 2018) (quoting *McElroy v. State*, 703 N.W.2d 385, 394 (Iowa 2005)). That showing has not been made in this case. Neither of the parties here cited *K. Carr* or *Buhr* in their respective merits briefs. In her application for further review, Molly asked this court to overrule *K. Carr* and *Buhr*. However, we generally do not address requests raised for the first time on further review. *See State v. Torres*, 989 N.W.2d 121, 130–31 (Iowa 2023) (McDonald, J., concurring specially); *State v. Warren*, 955 N.W.2d 848, 867 (Iowa 2021); *Richardson v. Commodore, Inc.*, 599 N.W.2d 693, 696 n.2 (Iowa 1999), *abrogated on other grounds by, Koenig v. Koenig*, 766 N.W.2d 635 (Iowa 2009). Further, *K. Carr* is consistent with our general view that the sanction of dismissal should be a "rare judicial act" because it deprives litigants of their day in court to resolve disputes

on the merits. *Kendall/Hunt Publ'g Co. v. Rowe*, 424 N.W.2d 235, 240–41 (Iowa 1988) (quoting *Edgar v. Slaughter*, 548 F.2d 770, 773 (8th Cir. 1977)); *see also Breitbach v. Christenson*, 541 N.W.2d 840, 845 (Iowa 1995) (en banc); *Buhr*, 2011 WL 1584348, at *6.

We also decline to affirm the district court's dismissal sanction on the alternative ground that it was an appropriate exercise of the court's inherent power to dismiss a case. *See, e.g., In re Guardianship of J.W.*, 991 N.W.2d 143, 150 (Iowa 2023) ("We conclude that dismissal of a case based on the ethical implications of a party-attorney's conduct is within a court's inherent authority in the proper circumstances."). The district court did not rely on its inherent authority in dismissing Matthew's petition. Rather, the district court explicitly and solely invoked rule 1.413 independent of any other rule or power to dismiss that it may have possessed. Because rule 1.413(1) "does not provide an independent basis for dismissal," *K. Carr*, 451 N.W.2d at 817, we must reverse the dismissal of Matthew's petition.

In sum, we affirm the decision of the court of appeals and the finding of the district court that Matthew's petition was filed in violation of rule 1.413 and that the monetary sanction of $7,226.65 was appropriate and supported by the evidence. We reverse the district court's order of dismissal because rule 1.413 does not provide an independent basis for that remedy. Nothing in our decision today should cast doubt on a litigant's ability to use other procedural rules to seek a pretrial ruling on the merits of a petition.

**Decision of Court of Appeals Affirmed; District Court Judgment Affirmed in Part, Reversed in Part, and Case Remanded.**